*Hugh Butler, A. S. Weston, Rockwell & Bissell* and *D. P. Dyer*, for appellees.

---

## MONTELIUS *v*. ATHERTON.

(*Supreme Court of Colorado, April Term, 1882—Appeal from County Court of El Paso County.*)

1. CONTRACT—PAROL TESTIMONY. In a suit upon a contract between A and B founded on a sufficient consideration, to exchange a certain article of property belonging to one for a certain article belonging to another, parol testimony is admissible to establish a fact upon which the contract is silent.

2. SAME—DAMAGES. The measure of damages for non-compliance of the terms of such contract, is the difference in value between the two articles of property, less the amount agreed to be paid.

3. SAME—SAME. The rule by which damages are estimated is a question of law for the Court, and the amount of damages is a question for the jury. The opinion of a witness as to amount of damages is not admissible.

4. INSTRUCTIONS. An oral instruction after verdict is returned into Court, and before it is announced, is out of time, and improper.

5. SAME. It is error to give oral instructions upon the law of the case; they are required to be in writing.

BECK, J. This controversy arises upon the following contract of sale of a Mathushek piano, executed on or about December 5, 1878:

"This is to certify that I have purchased of W. W. Montelius, of Denver, Colorado, through agent, one style ten Math. piano, manufactured by Math. Piano Co., price three hundred and fifteen dollars, to be delivered at Colo. Springs, free of charge, on the 10th day of December, 1878, or as soon thereafter as possible, without unnecessary delay, and I agree to pay for the same as follows: My promissory note for three hundred and ten dollars, due July 1, 1879, with interest at one per cent. per month, and I further agree that all title and property in said instrument shall remain in W. W. Montelius' name until the whole amount be paid, and they shall have the right (should there be any de-

56

fault in said payments), to take possession of said property without first giving me any notice; and I further agree that all payments made shall apply as rent, commission and damages to said W. W. Montelius, in case this agreement is not fulfilled.

           P. O. address, Colorado Springs, Colo.

                (Signature.)          JOHN F. ATHERTON."

    "This order is given on the following conditions, viz: That at the request of the maker, I agree to exchange the said Math. piano, at the expiration of six months from date, for a No. 5 Hallett & Davis square grand, by the said maker paying $20 difference.                    W. W. MONTELIUS."

    The piano was delivered, and the note mentioned in the contract was given, and paid at maturity.

    The first error assigned is to the ruling of the Court in permitting the plaintiff Atherton to testify that after the execution of the contract, the plaintiff inquired of defendant how he should notify the defendant in case he wanted to make the exchange of pianos, and that defendant replied, "drop me a line at any time at Denver."

    The objection is, that this was a contemporaneous verbal agreement which was merged in the written agreement, and that its admission was a violation of the rule that parol evidence cannot be admitted to contradict or vary the terms of a written agreement.

    We do not think this objection well taken. The evidence did not tend to vary or change the terms of the contract in any manner. The defendant agreed to exchange pianos on request, in a specified time, but the written agreement did not provide the manner in which the request was to be made. Defendant resides at Denver, the plaintiff at Colorado Springs. If the plaintiff spoke the truth, it was a part of the agreement that he should notify the defendant of his desire to exchange by mail. The object of the parol testimony, therefore, was to establish a fact upon which the contract was silent, and for this purpose the testimony was admissible. *Ball et al.* v. *Benjamin*, 73 Ills., 39.

    There was no error in refusing to charge the jury as requested by the defendant's third instruction, that, "it was not sufficient that the plaintiff placed letters in the mail notifying defendant that he desired an exchange of pianos."

    It is a presumption of law that letters properly directed and

duly posted, reached their destination at the regular time, and were received by the person to whom addressed. Greenleaf Ev., Sec 40; *Breed* v. *First N. B. Central City*, decided at present term.

If it be true that defendant directed the plaintiff to notify him by mail, such notice, if proven to have been properly given, and in due time, was sufficient, or, if no provision was made for the manner of giving notice, and the jury should find as matter of fact that notice by mail was seasonably given and received, such notice would satisfy the conditions of the written contract.

But we are of opinion, upon the case as it is now presented, that the defendant has waived his right to object to both the sufficiency, and the timely service of the notice. In his postal card, of date June 30, 1879, to the plaintiff, the defendant says: "I have received your letter, and am very much surprised that you do not like the Math. piano. I have written East regarding a Hallett & Davis for you. I expect to call on you soon. Will write you again."

The plaintiff's testimony was to the effect that he informed defendant by due course of mail, prior to the expiration of the six months, that he was dissatisfied with the piano delivered him, and desired to exchange for a Hallett & Davis, but he received no reply. In his letter of June 21st, to which the above letter of defendant is a reply, plaintiff says he has already written defendant several times on the subject of the exchange, and can get no reply. It will be observed that defendant's letter does not dispute this statement. He did not then object, as he now does, that he did not receive notice of the desire to exchange within the time limited by the contract; on the contrary, he informed the plaintiff that he had written for a Hallett & Davis piano for him, thus tacitly admitting the receipt of the letters referred to, and the sufficiency of the notice. It cannot avail the defendant now to say that the letter of June 21st was the first and the only letter he received from the plaintiff, and that when he answered it he was under the impression the time mentioned in the contract for the exchange had not expired, not having examined the contract. No reason is assigned for not having examined the contract before answering this letter, and committing himself in manner stated. The omission to do so is attributable to his own negligence, of which he cannot be permitted to take advantage.

The same principle is applicable to the *ninth* assignment of error, viz: The refusal of the Court to instruct the jury on behalf of the defendant, that the plaintiff could have no cause of action until he tendered the $20 which he was to pay upon the exchange. The contract does not require tender or prepayment of this sum, and no objection appears to have been made to the exchange on this ground until after suit brought. Had the refusal to exchange been placed upon the refusal of plaintiff to pay the $20, a different question would arise, but, like the notice, tender of the sum was waived by defendant's letter, acceding to the request for an exchange. These errors are not well assigned. *Atlantic Ins. Co.* v. *Manning*, 3 Colo., 224.

The other errors assigned are more serious. The Court undoubtedly erred in its instructions to the jury, as well as upon the admission of testimony in respect to the measure of damage.

These errors arose from a misconstruction of the contract. The Court appears to have held throughout the trial that the Mathushek piano was the property of the defendant, and so orally instructed the jury when they returned into Court for an instruction upon that point. It seems the Judge did not conceive the ownership of the Mathushek piano to be an issue or question in the case, until after the verdict of the jury was returned into Court, basing his rulings apparently upon the theory that the title had never passed to Atherton, the plaintiff. But, after the verdict was returned into Court, and before it was announced, as a qualification of previous rulings, the Court addressed the jury as follows:

"Gentlemen of the jury: You may have been misled by the oral instruction of the Court. The instruction should have been—the Mathushek piano would be the property of the defendant, only in the event you find from the evidence that plaintiff notified defendant, within six months from date of contract, that he was dissatisfied with the Mathushek piano, and desired to make a change. Is this your verdict, gentlemen, after the explanation?"

To which the jury replied in the affirmative.

Had this instruction been correct, as a proposition of law, the time and manner in which it was given would have rendered it unavailing to cure the previous erroneous rulings.

But it was not a correct legal proposition.

The plaintiff had purchased the Mathushek piano, and the terms of the purchase were, that on full payment, the property thereof was to vest in him.   He made such full payment, and the property vested.   The condition endorsed on the back of the contract entitled him to the right, within a specified time, to an exchange of his property for other property to be furnished by the defendant.   Plaintiff necessarily had, under his contract of purchase, either the complete or special property in the Mathushek piano at the time of the demand for exchange, depending upon the fact whether full payment had been made of the pur-chase money.

The contract in question was equivalent, therefore, under the circumstances, to an agreement between A and B, founded on a sufficient consideration, to exchange a certain article of property belonging to the one, for a certain article belonging to the other.   The measure of damage for non-compliance in said case would be the difference of value between the two arti-cles of property mentioned in the agreement, provided a differ-ence existed in favor of the complaining party.

The same rule is applicable here, the plaintiff having fully paid the purchase money.   But the plaintiff having agreed to pay the sum of $20 upon the exchange, that sum must be deducted from the amount ascertained as the difference of value between the two instruments.

It was error, therefore, to instruct the jury that the value of the Hallett & Davis piano was the measure of damages.

If it be said that the rule laid down for the estimation of dam-ages does not furnish a complete remedy to the plaintiff for the failure of the defendant to observe all the stipulations of the con-tract on his part, the answer is, that the inconveniences resulting to the plaintiff are attributable to the character of the contract, and the voluntary payment of the purchase money.   The plain-tiff made his own bargain.   *Volenti non fit injuria.*

The Court also erred in excluding evidence of the value of the respective pianos, and in permitting the plaintiff, against the ob-jections of the defendant, to answer the question:   "How much, in your estimation, were you damaged by the defendant not ful-filling his contract by furnishing you a Hallett & Davis piano, and taking away the one you received?"   The answer was, "I was damaged not less than three hundred and thirty dollars."

The question was improper, and the objection to it should have been sustained. It called for the opinion of the witness, in a matter wherein the opinion of a witness was not admissible. The rule by which the plaintiff's damages were to be estimated was a question of law for the Court, and the amount of his damages should have been left to the judgment of the jury, upon the facts of the case. *Blair* v. *Mil. & Pr. du Ch. R. R. Co.*, 20 Wis., 262, and authorities cited.

Another error of the trial was in giving oral instructions to the jury, upon the law of the case. Such instructions are required to be in writing.

For the errors mentioned, the judgment must be reversed and the cause remanded.                    *Judgment reversed.*