MARY E. BROWN, RESPONDENT v. THE FRA-
TERNAL ACCIDENT ASSOCIATION OF AMER-
ICA, APPELLANT.

*Accident Insurance—Notice—Prima Facie Evidence of Receipt of
Notice by Mail—Condition Subsequent.*

> In an action on an accident insurance policy requiring that
> written notice of the accident, with a full statement of par-
> ticulars, shall be given to the association at Westfield, Mass.,
> within ten days of the occurrence and providing for forfeit-
> ure in case of non-compliance, it appeared from the testi-
> mony of the local agent that he was notified of the accident
> on the day it occurred and that he immediately notified the
> association thereof by letter. Whether the letter contained
> a statement of the information in detail, required by the
> policy, did not clearly appear, but the agent testified that he
> sent such notice as it was his usual custom to do; that he
> could not recall the whole contents of the letter, but that it
> was to the effect that the insured had met with an accident,
> through a fall, giving the cause of the accident. Witness
> instanced other cases where he had sent notices in the same
> manner which were recognized by the company by sending
> blanks to the insured. The receipt of the letter was denied
> by the secretary. A month after the accident the company
> and its agent were notified of the accident to and death of
> the insured, in writing, by letter from the beneficiary, and
> the association then disclaimed liability. *Held,*
>
> 1. The requirement of notice, is a condition subsequent and
>    must receive a reasonable and liberal construction in favor
>    of the beneficiary.
> 2. Whether or not the insured or beneficiary personally re-
>    quested the agent to send the notice was immaterial under
>    the terms of the policy, which simply required written notice
>    to be given, without designating by whom, and the object of
>    the notice was accomplished whether notice was sent by the
>    insured or at the instance of someone in his behalf. From

the evidence it does not seem unreasonable to infer that the letter was sent in behalf of the insured.

3. The evidence indicates a substantial compliance with the requirements of the policy as to contents of the notice. Where the insured was at once prostrated and fatally injured, a forfeiture will not be declared because the notice failed to comply with minute particulars.

4. The agent having testified that he mailed the notice, properly addressed and stamped, there was at least *prima facie* evidence that it was received, and, upon the secretary testifying that such notice was not received, it raised a conflict of evidence and presented a question for the jury to determine.

(Decided November 3, 1898.)

Appeal from the District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action by plaintiff as beneficiary under an accident policy insuring plaintiff's husband against personal bodily injury. From a judgment for plaintiff defendant appeals. *Affirmed.*

*Messrs. Williams, Van Cott & Sutherland*, for appellants.

The statute, Compiled Laws of 1888, Sec. 3204 provides for two classes of notices in a summons. In an action on a contract to recover money or damages, the notice should be that unless defendant appears, plaintiff will take judgment for the sum demanded in the complaint. In other actions a notice that plaintiff will apply to the court for the relief demanded.

This was an action arising upon a contract for the recovery of money, but the notice contained in the summons was that appropriate to the other class of actions.

The provisions of the statute with respect to these notices

is not directory but mandatory. *Lyman* v. *Milton*, 44 Cal., 630; *Sidwell* v. *Shumacher*, 99 Ills., 433; *Ward* v. *Ward*, 59 Cal., 139.

The service of the summons was wholly insufficient.

The statute, Comp. Laws, 1888, Sec. 3208, provides that when the defendant is a foreign corporation and has an acknowledged agent in the territory, the service may be made on such agent; or if no such agent is found, on any person in its employ, or who has any of its property in charge.

The return of the officer recites that the defendant had no authorized agent or officer in the territory. That it was a foreign corporation located at Westfield, Massachusetts. That the service was made by delivering to and leaving with W. personally, as special agent of said defendant, etc.

The service was not sufficient. 22 A. & E. Enc. of Law, 132, and authorities cited.

Where a policy of accident insurance makes it a condition precedent to the right of the beneficiary to recover, that notice of the accident shall have been given within a reasonable time of the happening thereof, with the particulars, it devolves upon the plaintiff to show that such notice was given strictly in accordance with the conditions of the policy. Upon failure of such proof no recovery can be had. *Heywood* v. *Me. Accident Assn.*, 85 Me. 289; *Kimball* v. *Accident Assn.*, 90 Me. 183; 2 May on Insurance, 465; 2 Biddle on Insurance, 985; 2 Woods on Insurance, 930; 4 Joyce on Insurance, Secs. 3278, 3280; *Patten* v. *Liability Co.*, 20 Ir. L. R. 95; *Cowley* v. *Accident Assn.*, I. C. & Ellis, 597 (L. R. Q. B.); *Blossom* v. *Lycoming Ins. Co.*, 64 N. Y. 162; *Gould* v. *Ins. Co.*, 90 Mich. 302; *Martin* v. *Acc. Assn.* 16 N. Y. 279; *Simons* v. *Assn.* 71 N. W. 254.

That such conditions are strictly enforced see: *Riddles-berger* v. *Ins. Co.*, 7 Wall. 386; *Blakely* v. *Ins. Co.*, 20 Wis. 205; *Wheeler* v. *Ins. Co.*, 82 N. Y. 543; *Klein* v. *Ins. Co.*, 104 U. S. 88; *Thompson* v. *Ins. Co.*, 104 U. S. 252.

When a contract expressly requires notice to be given at a particular place, mailing it at the place of loss is not a compliance. 2 May on Insurance, Sec. 461; 2 Beach on Insurance, Sec. 1201; *Central City Ins. Co.* v. *Oats*, 6 S. 83; *Patrick* v. *Farmers Ins. Co.*, 43 N. H. 621.

It is error for the court to give instructions which are inconsistent or contradictory of each other, and this being shown the judgment must be reversed. 2 Thompson on Trials, Secs. 23–26.

*Messrs. Powers, Straup & Lippman*, for respondent.

The return of the officers serving the summons shows that he also at the time of service of summons, served a certified copy of the complaint.

The relief demanded in the complaint was for judgment in the sum of $2,000 and interest, so that when defendant was notified in the concluding portion of the summons "that plaintiff will apply to the court for the relief demanded in the complaint," it was notified that judgment would be taken against it if it failed to appear, for that was the relief therein demanded. It was tantamount to the statement of the amount of judgment in the said concluding portion of the summons.

Our statute provides that the Code of Civil Procedure is to be liberally construed. 2 C. L. Utah, 1888, Sec. 2987; Rev. Stats., Sec, 2489; *Clark* v. *Palmer*, 90 Cal., 504.

A foreign corporation cannot escape service by refusing to appoint an agent on whom process may be served as required by the law of the state. Service may be made

on the agent who transacted its business. *Funk* v. *Anglo-Am. Ins. Co.*, 27 Fed. R., 336; *Societe, etc.* v. *Milliken*, 135 U. S., 304.

Under subdivision 5, Sec. 3208, C. L. Utah, 1888, it has been held that service on an attorney employed in the collection of certain claims and intrusted with the possession of certain property, was good. *Saunders* v. *Ins. Co.*, 6 Utah, 431.

See also *State* v. *U. S. Mutual Acc. Assn.*, 31 N. W., 229.

But whatever defect there was, if any at all, in the phraseology of the summons, or of its service, it was cured by appellant answering the complaint and proceeding to trial upon issues therein joined.

We contend there was a substantial compliance with the terms of the policy in respect to the notice. The mere notice to the local agent would not be sufficient, but notice to the local agent and a letter written by him to the proper officer of the defendant is sufficient. 2 Biddle on Insurance, Sec. 988, and cases there cited; Niblock on Ins., Sec. 415, and cases there cited; 2 Wood on Ins., p. 938; 2 May on Ins., Sec. 463.

Letters placed in designated repositories or delivered to the postman, when duly addressed and stamped, afford *prima facie* evidence that they were duly received by the addressee. *Rosenthall* v. *Walker*, 111 U. S., 185; *Schutz* v. *Jordan*, 141 U. S. 213.

The denial of the defendant that it received it but raised a conflict in the evidence, and it was for the jury to determine the fact. *Rosenthal* v. *Walker*, Supra; 2 Rice on Evidence, p. 1009; *Howard* v. *Dalby*, 61 N. Y., 362.

Respondent's cause did not accrue until the death of Brown. Until then she was not called upon to act.

*Cooper* v. *Accident Assn.*, 16 L. R. A., 138; *Globe,
Acc. Ins. Co.* v. *Gerisch*, 163 Ills., 625: *Konrod* v.
*United Cos. etc.*, 21 S., 271; *Provident Co.* v. *Baum*,
29 Ind., 240.

STATEMENT OF FACTS.

The plaintiff brought this action to recover $2,000 upon
an accident insurance policy issued by the defendant, a
fraternal and mutual accident association, to plaintiff's
husband, Campbell M. Brown, insuring him against per-
sonal bodily injury. In case of death resulting within
ninety days after an accidental injury, to the insured,
that sum was, by the terms of the policy, payable to his
wife the plaintiff. The policy also provided for the pay-
ment of certain sums to the insured in case of disabilities
resulting from accidental injuries within a certain time
after the accident.

The proof shows that, on February 19, 1894, while the
policy was in force, the insured, walking along a street of
Salt Lake City, accidentally fell and received injuries
which resulted in his death on March 16, 1894. Under
the terms of the policy, written notice, of any accident to
the insured, was to be given the "Association at West-
field, Massachusetts, within ten days after the date of the
accident and injury for which claim of indemnity or bene-
fit is made." It appears from the testimony of Theodore
W. Whitely, who was the company's agent for Utah,
that he, the agent, was notified of the accident, to the
best of the witness' recollection, on the same day of the
occurrence, and that thereupon he immediately notified
the company thereof by letter. The receipt of the letter
was denied by the secretary of the association. On
March 21, 1894, the company and its agent were notified
of the accident to and death of the insured, in writing, by
letter from the beneficiary, and the association then dis-
claimed liability under the policy. At the trial the jury

returned a verdict in favor of the plaintiff for $2,000. Judgment was entered and the defendant appealed.

BARTCH, J., after stating the case as above, delivered the opinion of the court.

The first question presented in the brief of counsel for the appellant is one respecting the service of summons, but in the oral argument it was admitted that respondent's position on that question is correct, and it will therefore be regarded as eliminated.

The claim in this case is principally resisted by the appellant, upon the ground of a failure of compliance with certain conditions expressed in the insurance policy, as conditions precedent to liability. The paragraph of the policy, under which the most important question arose, reads:

"Written notice shall be given the said association at Westfield, Massachusetts, within ten days of the date of the accident and injury for which claim of indemnity or benefit is made, with full particulars thereof, including a statement of the time, place and cause of the accident, the nature of the injury, and the full name and address of the insured and beneficiary, and unless such notice and statement is received as aforesaid, all claims to indemnity or benefit under this certificate shall be forfeited to the association."

This requires that written notice of the accident, with a statement of certain facts, shall be given to the association at Westfield, Massachusetts, within ten days of the occurrence, and forfeiture of all claims under the certificate is the penalty provided for failure to give such notice. Full particulars of the accident are required to be given with the notice, and yet it is quite conceivable that accidents will happen, under such circumstances, as to render

the furnishing of the same, within the time specified impracticable and impossible, and in all such cases a very strict construction would enable·the insurer to declare forfeiture because of the failure, on the part of the insured, to do an impossible thing, although the insured had always promptly paid his premiums, and faithfully complied with every other condition of the policy, including even that of giving notice without full particulars. Such conditions must be regarded as inserted in insurance policies for practical and useful purposes, and not with a view to defeat a recovery, in case of accident, by requiring the insured, or his legal representatives in case of death, to do a manifestly impossible thing.

Doubtless the purpose, of such conditions in a policy, is to afford the insurer an opportunity, within a reasonable time after the occurrence, to inquire into the cause of the accident, and ascertain the surrounding facts and circumstances while fresh in the memory of witnesses, so as to determine whether or not liability under the contract exists. The condition in the policy, requiring notice to be given within a specified time, with full particulars of the accident, operates upon the contract of insurance only after the fact of the accident. It is a condition subsequent, and must, therefore, receive a reasonable and liberal construction in favor of the beneficiary under the contract. Niblack Ben. Soc. and Accident Ins. Sec. 417. And this is in harmony with the doctrine that forfeitures are not favored in law, which applies to life and accident insurance as well as to any other kind of forfeitures *Daniher* v. *Grand Lodge A. O. U. W.* 10 Utah, 110.

Whether or not, in this case, if no notice of any kind had been attempted to be given to the association, within ten days after the accident, there would, under the circumstances, have been an absolute want of liability under

the contract, is a question not necessary to determine, because there is evidence tending to show that on the day of the accident, the insurer's agent, upon being informed of it, sent a letter to the secretary notifying the company in the same way, as he usually did in such case. The appellant, however, insists that the letter so sent was not a compliance with the condition of the policy, requiring notice, because, as is maintained, it was not and did not purport to be notice on behalf of the insured or beneficiary; and did not contain the information required by the policy; and was never received.

As to the first point of the objection, that the notice was not and did not purport to be notice on behalf of the insured, it is true that the evidence does not distinctly show who caused the letter to be sent. The witness Whitely, agent of the company, testifying, said that, according to his best recollection he was informed of the accident the same day of its occurrence; and that some member of the lodge told him the cause of it. He also testified: ''When I was notified or received notice of the accident to Mr. Brown, I notified the home office. I can't say positively, but I expect I sent notice to the company the same evening. I was in the habit of doing that,—of notifying them just as soon as I was notified. I notified them by letter.''

From this and other evidence in the record, it does not seem unreasonable to infer that the latter was sent in behalf of the insured. Whether or not the insured or beneficiary personally requested the agent to send the notice is immaterial, under the terms of the policy, which simply require written notice to be given, without designating by whom. As we have seen the object of the notice is to enable the insurer to inquire into the facts and

18 Utah—18.

circumstances surrounding the accident, while they are fresh in the memory of witnesses, in order to determine whether or not there is liability under the policy. Such object is accomplished whether notice be sent by the insured himself, or at the instance of some one in his behalf. 2 Biddle on Insurance, Sec. 988; 2 May on Insurance, Sec. 463; Wood on Insurance, Sec. 439; *West Branch Ins. Co.* v. *Helfenstein,* 40 Pa. St. 289; *Stimpson* v. *Monmouth Mut. Ins. Co.,* 47 Me. 379.

Whether the letter contained a statement of the information in detail, required by the policy, in connection with the notice of the accident, does not clearly appear from the evidence. The witness Whitely testified that he sent such notice to the company as it was his usual custom to do, in cases of accident; that he could not recall the whole contents of the letter; but that it was to the effect that the insured had met with an accident, through a fall, giving the cause of the accident. The witness instanced other cases, where he had sent notices in the same way, which were recognized by the company by sending blanks to the insured.

Without referring to the evidence further in detail, on this point, we think it indicates a substantial compliance with the requirements of the policy in this regard. It is quite possible that full and complete particulars of the accident, and nature and extent of injury could not be obtained at the time notice was sent, because, as appears, the insured was at once prostrated and fatally injured, and it would be a very strict rule of construction that would declare a forfeiture, under such circumstances, on the ground that such a provision of the policy had not been complied with in every minute particular. The very harsh and technical construction which it is here sought to put upon the provision, of a condition subsequent, must

be rejected.   Niblack Ben. Soc. and Accident, Ins. sec.
417.   *Trippe* v. *P. F. Society*, 140 N. Y. 23.

The point that the letter, notifying the company, .was
never received by it, presents a question of much import-
ance.   It is whether the mere denial of the receipt of the
notice, by the secretary of the company, is conclusive
against any liability of the insurer under the insurance
contract.

The witness Whiteley testified that he notified the com-
pany, of the accident, by letter at Westfield, Massachusetts,
and that he sent the letter to its secretary.   This evidence
is not contradicted, but the appellant insists that, where
the contract expressly requires notice to be given at a par-
ticular place, mailing it at the place of the accident, as in
this case, it is not a compliance.

In construing the conditions of an insurance contract,
the evident purpose and intent of the parties must be con-
sidered, and, in a case like the one at bar, where the
insurer is located at a great distance from the insured, it
cannot be reasonably supposed or inferred, in the absence
of express stipulation in the contract, as to how the notice
shall be given, that the parties did not intend that the no-
tice should be given by letter, sent through the mail,
which has become the principal medium through which
the commercial business of the country is being trans-
acted.   Service of notice in person or by agent was clearly
not intended.   While the mere mailing of the notice may
not be a full compliance with the conditions of the policy,
still if it be mailed by the insured and received by the in-
surer it becomes so.   A different rule of construction
would give undue effect and force to technical arbitrary
conditions, and would too seriously jeopardize the interests
of the insured.   In this case there is no question made
that the notice was not properly addressed, stamped and

mailed, but the appellant, by deposition of its secretary read in evidence, denied that it received the letter, in which the notice was sent, and it is maintained that this testimony, the court and jury, were bound to accept as conclusive that the insurer was not notified, and consequently conclusive against any liability under the policy. We think not.

In case of negotiable bills and notes, notice of dishonor for non-payment, where the parties live in different places, is usually sent by mail, and the law is well settled that the fact that the sender duly delivered it, properly addressed, with postage prepaid, in the post-office, raises a conclusive legal presumption that the notice was received. So strongly recognized by law is this usage, in commercial transactions and relations, that if such notice be sent by messenger, when it might be sent by mail, it must be delivered in the same time that the mail would carry it. The promptly giving of notice of dishonor, of a bill or note, is imperative to avoid the releasing of the drawer of a bill, and endorser of a bill or note, and discharging them from liability. Sending notice of dishonor by messenger, when the parties live at considerable distance, is therefore usually impracticable and attended with too much delay, expense and risk. Thus the legal presumption and usage have grown out of convenience and necessity, and have settled into positive law.

In the case of an insurance contract, requiring notice of an accident to be given at the place of the insurer, when the insured is at such a distance, as to render the sending of a notice by messenger, within the time specified inconvenient, or practically impossible, and where the contract is silent as to the manner of service, the necessity would seem equally great for holding, that, where notice is properly sent by mail, it raises at least a *prima facie* pre-

sumption, that the notice was received. This presumption is not as conclusive it is true, as that respecting negotiable paper, but still, until disproved it is effective. Because of the peculiar and widely extended business of insurance, the fact that policies and other papers, relating to insurance and loss, are usually sent by mail, the evident intent and understanding of the parties, as to service of notice, in the absence of any specified mode, the well-known usage respecting service when the insurer lives at a distance and in a different place from the insured, with which usage the parties must be presumed to have been familiar when the contract was entered into, the reason for adopting the presumption, in the case of an insurance°policy, is quite as strong as for adopting the one in the case of a bill or note.

In the case of an insurance policy, like the one in question, therefore, this presumption so arising, while not conclusive of the fact that the notice was received, is an inference of fact, founded on the usual course of business, and the probability that the officers of the postal system will do their duty, and is *prima facie* evidence of service.

In *Rosenthal* v. *Walker*, 111 U. S. 185, it was said: "The rule is well settled that if a letter properly directed is proved to have been either put into the postoffice or delivered to the postman, it is presumed, from the course of business in the postoffice department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." Greenleaf on Evidence, Sec. 40; *Schutz* v. *Jordan*, 141 U. S., 213; *Susquehanna Mut. Ins. Co.* v. *Toy Co.* 97 Pa. St., 424; *Howard* v. *Daly*, 61 N. Y., 362; *Dana* v. *Kremble*, 19 Pick. 112; *Montelins* v. *Atherton*, 6 Colo. 224; *Breed* v. *First Nat. Bank, Id.* 235.

When, therefore, in the case at bar, evidence was in-

troduced showing that notice had been sent by mail, that proof was *prima facie* evidence of service, and when the appellant introduced evidence to show that the letter, containing the notice, had never been received by the insurer, it simply raised a conflict of evidence, on which it was the province of the jury to pass. In other words the presumption of fact raised by the proof that the notice was sent by mail, was a circumstance, when opposed by a denial of the receipt of the letter, to be weighed by the jury with all the other evidence in determining the question whether or not the letter was actually received. 2 Rice on Evidence, Sec. 389; 2 Whart. on Evidence, Sec. 1323; *Henderson* v. *Carbondale Coal & Coke Co.*, 140 U. S. 25; *Huntley* v. *Whittier*, 105 Mass. 391; *Tanner* v. *Hughes*, 53 Pa. St. 289; *Howard* v. *Daly, supra.*

Having reached the conclusion that the question, whether the notice was received or not, was one to be referred to the jury, and the same having been so referred and determined by it, upon a conflict of evidence, we have no power, even if we were so inclined, to disturb the verdict as to this point. The view we have thus taken, of the law applicable to this case, renders it unnecessary to determine the question whether the time for service of notice began to run from the date of the accident or of death, because in either case service was sufficient, there being no question as to the company having received notice of death. Nor do we deem it important to discuss the points relating to the charge of the court. A careful examination of the charge, as a whole, reveals no reversible error. Nor do we think it important to discuss the questions referring to the admission of evidence. We find no error in the record which warrants a reversal of the case.

The judgment is affirmed with costs

ZANE, C. J. and MINER, J. concur.