375 P.2d 463

**Valera AMUNDSON, Plaintiff and Appellant,**

v.

**MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, Defendant and Respondent.**

No. 9588.

Supreme Court of Utah.

Nov. 5, 1962.

---

4. Dignan et al. v. Nelson et al., 26 Utah 186, 72 P. 936.

5. Jenkins v. Jensen, 24 Utah 108, 66 P. 773.

Hanson & Garrett, Salt Lake City, for appellant.

James E. Faust, Salt Lake City, for respondent.

McDONOUGH, Justice.

Action to recover a $5,000 death benefit under the terms of an health and accident insurance policy issued by the defendant. From an order granting defendant's motion for summary judgment the plaintiff appeals.

The complaint alleges that plaintiff is the beneficiary of a policy of insurance issued by the defendant on the life of Emanuel B. Peterson, who died of accidental injuries January 16, 1928; that the policy was then in force and that it provides for payment of $5,000 to the beneficiary in the event of the insured's death by accidental means; that a proof of loss was filed with defendant on June 22, 1961, but that the defendant has refused to pay the claim; that the plaintiff "did not discover the existence of said policy until a short time before filing said proof of loss and was not negligent in failing to discover said policy earlier." Judgment was demanded for $5,000, interest and costs.

Defendant denied part of the complaint and with respect to other portions averred that it was without sufficient information upon which to form an opinion as to their truthfulness. Defendant affirmatively alleged that it had destroyed its policy records of plaintiff's date and that it has no means of determining whether such a policy was ever issued, whether if issued it was in force on January 16, 1928, and whether, if in force, a claim thereunder had been paid. Defendant moved for summary judgment on the grounds that "said action is barred (1) by the statute of limitations (2) failure to file proof as provided for in said policy (3) by reason of negligence of the plaintiff to file proof of loss."

The trial court granted defendant's motion and dismissed the case.

Plaintiff's appeal presents the issue whether, viewing the allegations of the complaint as true, the plaintiff is entitled to go to a jury in an action on the policy.

The material provisions of plaintiff's policy provide:

4. In the event of accidental death immediate notice thereof must be given to the Association.

5. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.

6. The Association upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss.

7. Affirmative proof of loss must be furnished to the Association * * * within ninety days after the date of such loss.

14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy.

Plaintiff claims that her ignorance of the existence of the policy is sufficient legal justification for her delay in making her claim. She relies on above contract provision number five, contending that it modifies the contractual requirement of immediate notice of accidental death when such is not possible. Plaintiff further argues that neither the two-year contractual period of limitation (above provision number 14) nor the statute of limitations begins to run until her claim is perfected by the submission of proof of loss, the filing of which was legitimately postponed until she found the policy.

Defendant contends that the 33-year lapse of time between the death of the insured and the filing of the proof of loss requires the court to find plaintiff negligent as a matter of law, to presume prejudice to the insurer, and to hold that the statute of limitations has run, regardless of the plaintiff's lack of knowledge of the existence of the policy, a fact we are required in this stage of the case to assume.

In Munz v. Standard Life & Accident Ins. Co.,[1] the deceased was killed in June, 1900. The beneficiary did not learn of the death until October, 1900, and did not find the policy until February, 1901. Notice was given to the insurer in February and proof of loss was filed in May, 1901. Thus, there was only an 11-month lapse of time between the deceased's death and the filing of proof of loss. Under the Circumstances this court held the delay excusable. In reaching that result the court stated:

"The provisions [for immediate notice] are such as are usually contained in insurance policies, and if they were to be rigidly enforced, no matter how unusual or peculiar the circumstances

1. 26 Utah 69, 72 P. 182, 62 L.R.A. 485 (1903).

of a particular case, then, indeed, they would prove a pitfall or snare to the unwary. They are intended, however, for no such purpose. They constitute conditions subsequent, and, as said in Brown v. Accident Association, 18 Utah 265, [272] 55 Pac. 63, by this court: 'Doubtless the purpose of such conditions in a policy is to afford the insurer an opportunity within a reasonable time after the occurrence to inquire into the cause of the accident, and ascertain the surrounding facts and circumstances while fresh in the memory of witnesses, so as to determine whether or not liability under the contract exists. The condition in the policy, requiring notice to be given within a specified time, with full particulars of the accident, operates upon the contract of insurance only after the fact of the accident. It is a condition subsequent, and must therefore receive a reasonable and liberal construction in favor of the beneficiary under the contract.' [2]

\*   \*   \*   \*   \*   \*

"Such a defense as the one herein is purely technical. The risk of the insurer was neither increased nor in any way jeopardized by the failure of the beneficiary to comply literally with conditions of which she had no knowledge. \* \* \* The construction thus put upon the conditions in question secures to the defendant every advantage and benefit to which it is entitled, and which was intended by the provisions of the policy." [3]

Munz involved 32 years' less delay than we have in the instant case; there was no question about the operation of the statute of limitations; [4] and the insurer was not prejudiced by the delay. In this case the insurer pleads inability to determine even the fact whether it issued the policy under which plaintiff makes her claim. In addition, witnesses may have died, memories have faded and the claim has grown stale indeed. The extended lapse of time has materially increased the risk to the insurer to a degree clearly not contemplated by the provision for notice and proof of loss as soon as "reasonably possible." We think a 33-year-old claim too late even if plaintiff has a reasonable excuse for her ignorance of the policy.[5]

2. Id. at 72, 72 P. at 183.
3. Id. at 75, 72 P. at 184.
4. The statute of limitations applicable to actions based on written contract is six years. Utah Code Annotated, Sec. 78–12–23 (1953).
5. The longest period of time yet allowed a beneficiary ignorant of the policy for the filing of a proof of loss, so far as we can find, is 16 years. Sanderson v. Postal Life Ins. Co., 87 F.2d 58 (10th Cir. 1937). The cases are collected in 75 A.L.R. 1504. Most involve delays of two years or less. With respect to the Sanderson case, we are constrained to agree with Page v. Shenandoah Life Ins. Co., 185 Va. 919, 40 S.E.2d 922, 923 (1947): "If the rule in the Sander-

What seems to be required, in the absence of a showing of a duty resting on the insured or insurer to inform the beneficiaries of the policy, is a balancing of the beneficiary's right to have the policy liberally construed in his favor with the legitimate interest of the insurer in being protected from stale claims. In other words, the beneficiary's demand, based upon ignorance of the policy must still be made within a reasonable time for the insurer to investigate the claim, i. e., before its staleness poses a substantial obstacle to ascertaining the facts surrounding the occurrence.[6]

To favor certainty rather than uncertainty in the determination of the period of time after which prejudice to the insurer demands the claim be barred, and in view of the fact the legislature has seen fit to bar claims based upon written contract after six years has elapsed, we shall adopt this period and hold that as applied to this particular policy, proof of loss should have been filed within six years after the loss. By virtue of provision 14 of the policy the beneficiary may have had two additional years in which to file an action. Even allowing this, plaintiff's claim became barred in 1936

Summary judgment was properly granted in favor of the defendant inasmuch as the facts alleged revealed that plaintiff was barred by law from recovery.[7] Costs to respondent.

CALLISTER and CROCKETT JJ., concur.

WADE, C. J., concurs in result.

HENRIOD, Justice (concurring).

I concur with the main opinion's conclusion that 32 years' lapse should in and of itself preclude recovery. However, I think this case can be decided on a more restrictive ground, based on the contractual terms of the policy itself.

The policy provides for immediate notice of death; proof of loss within 90 days; that if, because it is not reasonably possible to give the notice, the policy is not invalidated, but that notice must in such event, be given as soon as reasonably possible. The policy further provides for a

---

son case be followed, there is no limit to the time within which suit may be brought. If we apply that rule in the instant case, these suits might have been brought not sixteen years after the death * * * but in thirty-two years thereafter. All that is necessary is that suit be brought promptly after the policies were discovered, however distant that discovery might be from the death of the

insured." We have here the case hypothesized by the Virginia court—a 33-year lapse of time.

6. Cf. Navigazione Alta Italia v. Columbia Casualty Co., 256 F.2d 26 (5th Cir. 1958).

7. 3 Barron & Holtzoff, Federal Practice and Procedure, Sec. 1231.1 (rev. rules ed. 1958).

2¼-year limitation for bringing an action thereon *in any event,* stating that "nor shall such action be brought *at all* unless brought within 2 years from the expiration of the time within which *proof of loss is required* by the policy (90 days).

It appears that under the wording of the policy, an action *must* be brought within 2 years after 90 days from date of death, i. e., within 2¼ years after death, else by the plain terms of the policy, no recovery can be had. The policy itself, by mutual agreement, for a consideration, puts the onus on the beneficiary to act, one way or another, within 2¼ years. This seems to be a reasonable requirement to which obligors and obligees might agree, a requirement that most certainly is a factor in actuarial calculations.

The provision relating to non-invalidation if notice cannot be given immediately, in the light of the other provisions, seems obviously designed to provide that if reasonably it cannot be given immediately, action must be taken within 2¼ years, after which such time, the parties considered notice not to be within a reasonable time.

Although I concur with the main opinion that, in any case, 32 years exceed the bounds of reason, resulting in non-liability, I think the Utah limitations statutes have nothing to do with this case, where the limitation is set by written agreement of the parties themselves.