Floyd PACHECO, Appellant
(Plaintiff below),

v.

CONTINENTAL CASUALTY COMPANY,
a corporation, Appellee (Defendant below).

No. 3821.

Supreme Court of Wyoming.

Nov. 10, 1970.

Robert L. Bath, of Venta, Bath & Murray, Rock Springs, for appellant.

Edward E. Murane, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Action was brought in the district court by Floyd Pacheco to recover from Continental Casualty Company on an accident and sickness insurance policy. It is the contention of plaintiff that he is entitled to recover under the accident provisions of the policy from the time of his alleged accident and as long as his disability lasts.

The contention of defendant, the insurer, is that plaintiff's original claim was based upon sickness and that all payments provided for under the policy have been paid. The trial court found there was no genuine issue as to any material fact and granted summary judgment to the insurance company. The insured, Pacheco, has appealed.

The undisputed facts in the case are such that we find no issue of fact to be tried; and we approve the entry of summary judgment for defendant.

The policy under which Pacheco was insured covered loss resulting from injury or sickness. Injury is described in the policy as bodily injury caused by an accident resulting directly and independently of all other causes in loss covered by the policy. For total disability from accident an indemnity of $200 per month is provided for life. Such indemnity is what the insured is claiming.

According to the evidence before the court, in connection with defendant's motion for summary judgment, plaintiff is claiming an accident on May 21, 1963. He

claims he was struck in the mouth by a piece of iron and knocked into a loader bucket. Plaintiff admits he did not go to the hospital; he did go to a dentist. He was not off work at that time as a result of the accident. He had no cuts or bumps on his body other than from being hit in the face. There was no cut on plaintiff's head nor an egg-shaped bump. No evidence of a bruise or cut or bump was offered. The plaintiff was not knocked unconscious and he was able to get up under his own power and continued working. He finished his shift before going to the dentist. He then continued to work from the time of the accident, May 21, 1963, to December 23, 1963.

### Claim for Accident Benefits

The first notification the insurance company had that Pacheco had an accident May 21, 1963 and that a claim for accident benefits might be made was through a letter written to the company by Pacheco's attorney under date of May 20, 1966 (three years after the accident). Counsel for Continental questions whether this letter was a sufficient notice of claim. Without deciding that matter, however, we will assume for purposes of our decision that notice of claim was given by a letter dated May 20, 1966.

In the interim between May 21, 1963 and May 20, 1966, it is undisputed that Pacheco claimed sick benefits under Continental's policy and was paid indemnity for confining sickness and non-confining sickness in the amount of $4,566.67. In addition, hospital and surgical charges were paid in connection with the plaintiff's sickness to the extent of $8,182.01. The policy contains a provision for a maximum period of 24 months in its coverage of sickness indemnity. Apparently plaintiff was paid this maximum.

The plaintiff went to Dr. Wayne M. Hebertson of Salt Lake City for examination and treatment during the latter part of 1963. His complaint was severe headaches. The theory under which the instant suit is brought is that Dr. Hebertson, following his first examinations, believed plaintiff's head complaints were referable to the spine. Thereupon, Pacheco related facts about two earlier accidents—a 1960 head injury on a job and a 1952 automobile accident.

It is admitted plaintiff did not then connect his difficulty with the accident of May 21, 1963. His counsel states there would be no reason for plaintiff to neglect to advise the insurance company of the May, 1963 accident except through "inadvertence." Counsel indeed sets forth as appellant's chief contention that plaintiff did not become aware of the exact nature of his ailment until shortly before the letter of May 20, 1966.

Thus, the claim is made that plaintiff furnished or caused to be furnished to the company notice of claim and proofs of loss within the provisions of the policy and applicable Wyoming statutes. In other words, as counsel states, within the "reasonably possible" terminology provided in the policy.

### Policy Provision

The policy provision brought into question by plaintiff's action is the one having to do with notice of claim. The pertinent portion of this provision reads:

"Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible."

It is undisputed that the occurrence or commencement of the alleged loss was May 21, 1963. Therefore, written notice of claim under the accident provisions of the policy was required within 20 days after May 21, 1963, or as soon thereafter as is "reasonably possible."

### Considerations Present

It must be pointed out that a delay of three years could deprive the insurance

company of an effective opportunity to examine the claimant to determine whether his alleged disability is a result of injury caused by an accident on May 21, 1963 and resulting directly and independently of all other causes in disability. This is especially true where it is admitted the insured had other accidents which he connected with his source of trouble long before he associated his trouble with the accident now claimed.

■ The policy provides for total disability accident indemnity. It also provides for sickness indemnity, both confining and non-confining. It is obvious that disability could result from injury in an accident or it could result from sickness. The insured could not, however, claim total disability indemnity under the accident provisions of the policy and at the same time claim total disability indemnity under the sickness provisions of the policy. A claim for one would be inconsistent with a claim for the other.

Here, it is undisputed the insured chose to claim under sickness provisions of the policy. He actually did claim such indemnity and the company paid benefits for sickness to the extent of some $12,748.68, including indemnity to the insured and hospital and surgical charges. After claiming and receiving such benefits, it is difficult for the insured to justify a change retrospectively.

Equitable estoppel has as its purpose to prevent injury arising from actions or declarations which have been acted on in good faith, where it would be inequitable to permit a party to retract. Pickett v. Associates Discount Corp. of Wyoming, Wyo., 435 P.2d 445, 447; Crosby v. Strahan's Estate, 78 Wyo. 302, 324 P.2d 492, 497.

In this case the company acted on the claims and proofs of loss made by Pacheco, for at least 24 months, on the theory that Pacheco was suffering from sickness and not from injury caused by an accident. If a timely claim for accident benefits had been made, evidence pertaining to the happening of the accident and to the nature and extent of injuries, together with evidence of resulting complications, if any, could probably have been obtained at that time which cannot be obtained some three years later. That is especially true where, as in this case, plaintiff has had operations on his back subsequent to the time of his alleged accident.

Keeping in mind that our question is whether the notice given three years after plaintiff's alleged accident can, under the circumstances of this case, be considered to have been given as soon as reasonably possible, we do not directly apply the doctrine of equitable estoppel. We do, however, say something of the same principles should be applied in construing the term "as soon thereafter as is reasonably possible."

Pacheco knew he had an accident; he knew his doctor believed his head complaints were referable to the spine; he therefore told the doctor of other accidents but not about the one now alleged—at least not for more than two years thereafter. Although, from all that appears, plaintiff was familiar with the provisions of his policy, he admits he did not until shortly before May 20, 1966 connect his difficulty with the alleged accident of May 21, 1963.

■ Inasmuch as plaintiff freely pleads and verifies the facts and circumstances we have mentioned, and since his attorney argues there would be no reason for plaintiff to neglect to advise the insurance company of the May, 1963 accident "except through inadvertence," we must hold the undisputed facts show as a matter of law that notice of claim was not given within 20 days after the alleged accident of May 21, 1963, or as soon thereafter as was "reasonably possible."

### Precedent

We are not without precedent for the position we take. In Amundson v. Mutual

Benefit Health & Accident Ass'n, 13 Utah 2d 407, 375 P.2d 463, 465–466, it was said, what seems to be required is a balancing of the beneficiary's right to have the policy liberally construed in his favor with the legitimate interest of the insurer in being protected from stale claims. The court pointed out that a beneficiary's demand must be made within a reasonable time for the insurer to investigate the claim, i. e., before its staleness poses a substantial obstacle to ascertaining the facts surrounding the occurrence.

The case of Mutual Benefit Health & Accident Ass'n v. Brunke, 5 Cir., 276 F.2d 53, 56–57, involved the interpretation to be given to a policy provision identical to the one we are concerned with. A delay of nearly two years in giving notice of claim was held unreasonable; and the court adopted from a case cited this statement:

"This unreasonable delay, after any person of ordinary and reasonable prudence could have ascertained that liability might arise, and after the injury presented aspects of a probable claim for damages, was not in any sense a compliance with the rule invoked, nor with the provisions of the policy."

In Annotation 18 A.L.R.2d 443, 451, it is stated, the purpose of a policy provision requiring the insured to give the insurer prompt notice of an accident or claim is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances. A number of cases which support this proposition are cited in the annotation. See also Star Transfer Co. v. Underwriters at Lloyds of London, 323 Ill.App. 90, 55 N.E.2d 109, 111.

It is evident there was no issue of material fact to be tried in this case, and the district court properly entered summary judgment.

Affirmed.