Tim K. JANKOVSKY, a/k/a Timothy Jankovsky, Appellant (Plaintiff below),

v.

HALLADAY MOTORS, a corporation, Keith G. Jankovsky and Trilba A. Jankovsky, Appellees (Defendants below).

No. 3891.

Supreme Court of Wyoming.

March 8, 1971.

Ted Simola, Cheyenne, for appellant.

Paul B. Godfrey, Cheyenne, for appellee Halladay Motors.

No appearance in Supreme Court for appellees Keith G. Jankovsky and Trilba A. Jankovsky.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

Action was brought by Tim K. Jankovsky, a minor, to disaffirm a contract allegedly entred into with Halladay Motors. Summary judgment was granted by the district court to Halladay Motors, and Tim Jankovsky has appealed.

We find no dispute in the pertinent facts and hence no genuine issue of fact to be tried. Findings of fact are often considered unnecessary, if not out of place, in connection with summary judgments. See 3 Barron and Holtzoff, Federal Practice and Procedure, § 1242, p. 201 (Rules Edition). In this instance however, the trial court has made lengthy findings of fact, which we deem important and helpful in making clear the basis for its decision. We therefore set out these findings in full:

"(a) That a 'Used Car Order' was prepared by the Defendant, Halladay Motors, Inc., on November 29, 1968, which described the purchaser of the 1968 Oldsmobile as being Keith Jankovsky, 607 East 8th Street, Loveland, Colorado.

"(b) That a 'Vehicle Invoice' was prepared by the Defendant, Halladay Motors, Inc., on November 30, 1968, which Invoice indicated the purchaser to be Keith Jankovsky.

"(c) That Keith G. Jankovsky and Trilba A. Jankovsky are the natural parents of the plaintiff, Tim K. Jankovsky, and said parties reside in Loveland, Colorado.

"(d) That the vehicle in question is a 1968 Oldsmobile, Id. No. 344878M165459, and said vehicle was titled in the name of Leland Sanders under Wyoming Certificate of Title No. 2–367187.

"(e) That counsel for all parties have stipulated to the validity of the said Certificate of Title issued to Leland Sanders and to the fact that the said Certificate

of Title indicates the following on the reverse side:

1. Title was assigned by Leland Sanders to Halladay Motors, Inc. on November 29, 1968.

2. Title was assigned by Halladay Motors, Inc. to Keith G. and Trilba A. Jankovsky, 607 East 8th Street, Loveland, Colorado on November 29, 1968.

3. An application for Certificate of title was not made until January 31, 1969, and the said application is signed under oath by Tim Jankovsky.

"(f) That the new title, No. 2–390369, was issued by the State of Wyoming to Keith G. and Trilba A. Jankovsky on January 31, 1969.

"(g) That a 1966 Sunbeam automobile was traded in on the Oldsmobile in question and said Sunbeam was titled in the State of Colorado in the name of Keith and Trilba A. Jankovsky.

"(h) That on November 30, 1968, Keith Jankovsky and Trilba A. Jankovsky assigned the title to the Sunbeam to Halladay Motors, Inc. under oath.

"(i) That subsequent to November 30, 1968, Keith G. Jankovsky and Trilba A. Jankovsky purchased a general automobile liability and comprehensive policy on the Oldsmobile from an agent in Loveland, Colorado, and said policy was issued and placed in the name of Keith G. Jankovsky and Trilba A. Jankovsky.

"(j) That an 'Installment Note, Security Agreement and Financing Statement' was executed by Timothy Jankovsky and Keith Jankovsky on November 29, 1968, by the terms of which a security interest in the 1968 Oldsmobile in question herein was granted to the Home State Bank of Loveland, Colorado, in order to secure a loan of $2,598.96, and said Security Agreement contained the following language: 'To secure the payment of the foregoing indebtedness, and any and all liabilities, direct, indirect, absolute, contingent, due or to become due, now existing or hereafter arising (all hereinafter called 'obligations') of the undersigned to the holder, the undersigned (hereafter sometimes called 'Debtor') grants to the holder (sometimes hereafter called 'Secured Party') a security interest in the following property and any and all additions, accessions and substitutions thereto or therefor (hereafter sometimes called 'Collateral').'

"(k) That application for the title to the vehicle was made pursuant to Sections 31–32 and 31–33, Wyoming Statutes, which statutes provide that the owner of a motor vehicle shall not permit the operation of any vehicle upon any highway without first obtaining a certificate of title and that application for certificate of title shall contain the name and address of the person to whom the certificate of title shall be delivered.

"(1) That Section 31–37, Wyoming Statutes, provides that the transferee shall within ten days present a certificate, endorsed and assigned, to the County Clerk and make application for a new certificate.

"(m) That Section 31–30, Wyoming Statutes, defines the owner of a vehicle as a person who holds the legal title of the vehicle.

"(n) That the Plaintiff, Tim K. Jankovsky, having applied under oath for a Certificate of Title in the name of his parents, Keith G. and Trilba A. Jankovsky, the Plaintiff would be compelled to testify at the trial of the above-captioned action under oath contrary to his application for a Certificate of Title under oath."

Based on the foregoing undisputed facts, the trial court ordered:

"(a) That the Plaintiff is estopped by his actions to assert the claim set forth in his Amended Complaint.

"(b) That to permit the plaintiff to proceed to trial upon his Amended Complaint would constitute a fraud upon the Court and the Defendant, Halladay Motors, Inc.

"(c) That there is no genuine issue as to any material fact and the Defendant, Halladay Motors, Inc., is entitled to Judgment as a matter of law."

### Plaintiff's Claim

The plaintiff's contention is that he alone negotiated with an agent of Halladay for the purchase of the 1968 Oldsmobile; that his parents did not see the car; and that plaintiff was therefore the one that contracted. Plaintiff says he caused title to be issued in the names of his parents for the sole purpose of obtaining more favorable treatment when insuring the automobile against liability and property loss. Plaintiff says he did not intend for any interest in the car to pass to his parents.

Just as plaintiff admittedly dealt with a salesman or agent for Halladay, so plaintiff could deal as an agent or the son of his parents. It was not necessary for the parents to personally see the automobile in order to purchase it. Of course, the parents may have acted as trustees or guardians for their son in purchasing the motor vehicle here involved. Whether they did or not is a matter between the son and his parents. It is not a matter for us to decide in the case with which we are dealing.

### Estoppel

The district court chose to predicate its decision on the holding that plaintiff is estopped by his actions to assert the claim he attempts to make; and that to permit plaintiff to proceed to trial on such claim would constitute a fraud upon the court and Halladay Motors.

■ The doctrine of estoppel has as its purpose to prevent injury arising from actions or declarations which have been acted on in good faith and which would be inequitable to permit a party to retract. Pickett v. Associates Discount Corp. of Wyo., Wyo., 435 P.2d 445, 447; Pacheco v. Continental Casualty Company, Wyo., 476 P.2d 166, 168.

Whatever plaintiff's reasons for doing so may have been, he caused the "Used Car Order" for the purchase in question to designate his father as the purchaser; he caused the "Vehicle Invoice" to name his father as the purchaser; he caused the certificate of title for the vehicle being purchased to be assigned to his parents as the purchasers; he signed under oath an application for a new certificate of title, causing it to be issued to his parents as owners; he surrendered to Halladay Motors a trade-in vehicle which was titled in Colorado in the names of his parents; and he caused the title for the trade-in vehicle to be transferred by his parents directly to Halladay.

We will not dwell upon the fact that financing was done in Colorado in the name of plaintiff and his father, or that insurance was obtained in the names of the parents as the insured, because these matters did not affect Halladay. It is important, however, to notice, as is mentioned in the trial court's findings, that § 31–30, W.S.1957, C.1967, defines the owner of a vehicle as the person who holds the legal title of such vehicle. And plaintiff caused the title in this case to be issued to his parents.

Our query is this: What could Halladay Motors have done which was not done in this case in order to make a safe contract with parents of a minor? We hardly see how it could safely have done otherwise than it did. In view of the hazards involved in contracting with a minor like plaintiff, we must assume Halladay would not have dealt if it had not been led to believe and understand that it was making the sale to plaintiff's parents.

■ Viewed in this light, the doctrine of equitable estoppel is clearly applicable and plaintiff is estopped by his actions to assert that he alone contracted with Halladay for the purchase of the 1968 Oldsmobile in question.

We realize Rule 8(c), W.R.C.P., lists estoppel as an affirmative defense which must be affirmatively pleaded. Although the word "estoppel" was not used in Halladay's answer, Halladay did plead that a fraud would be worked on it if plaintiff were allowed to disaffirm the purchase.

■ It was said in Crosby v. Strahan's Estate, 78 Wyo. 302, 324 P.2d 492, 498, the fundamental purpose of an equitable estoppel is to prevent fraud or acts equivalent thereof. Also, Rule 15(b), W.R.C.P., makes it clear that issues tried by express or implied consent shall be treated as if raised in the pleadings. Here, it is apparent from the record that the matter of estoppel was raised and considered in argument to the trial court, without any objection that the defense of estoppel had not been pleaded. Inasmuch as the issue was raised prior to trial and at the lower court level, and since defendant Halladay's answer suggested fraud would result if plaintiff's claim was allowed, we think the trial court was amply justified in applying the doctrine of estoppel.

### Parol Evidence Rule

Aside from the matter of estoppel, we see no reason why the parol evidence rule (that terms of a written instrument shall not be altered by parol evidence) should not apply.

■ Plaintiff seeks to contradict and vary the "Used Car Order" in this case by parol evidence to the effect that he and not his father was the purchaser; he seeks to contradict and vary the "Vehicle Invoice" by parol evidence that he and not his father was the purchaser; he would vary and alter the assignment of certificate of title from Halladay Motors by parol evidence that he and not his parents was the assignee; and he would contradict and vary both the application for a new certificate of title and the new certificate itself by parol evidence to the effect that plaintiff and not his parents was owner. Of course, plaintiff also seeks by parol evidence to show that he was owner of the trade-in vehicle, despite the fact that the certificate of title for such vehicle reflected that his parents were owners.

We have indicated previously that plaintiff may be able to show, as against his parents, that he has an equitable interest in the vehicle purchased from Halladay. But we are not involved with that matter in the instant litigation.

### Procedural Matters

The appellant assigns procedural errors in several respects. We find no merit in such assignments but will nevertheless speak of them briefly.

■ Complaint is made that Halladay's motion for summary judgment was not served at least ten days before hearing on such motion, as required by Rule 56(c), W.R.C.P. The rule states, the adverse party prior to the day of hearing may serve opposing affidavits. Thus, it would appear the purpose of the ten-day provision is to allow time for the adverse party to present affidavits or other evidence proper for consideration on a motion for summary judgment.

In the case we are dealing with, Halladay had, early in the proceedings, moved to dismiss plaintiff's cause of action for failure of plaintiff to state a claim upon which relief could be granted; and for failure to join indispensable parties—plaintiff's parents. The court did dismiss but allowed plaintiff time to amend and to join plaintiff's parents as necessary parties. Claiming a failure on the part of plaintiff to timely amend and comply with the court's order, Halladay at that stage filed a motion for summary judgment.

Eventually, plaintiff did file an amended complaint, joining his parents as defendants. Pleadings were completed, depositions were taken, admissions were demanded and given, and affidavits were filed. An order setting the case for pretrial conference was entered more than ten days in advance of the time set. Contained in the pretrial memorandum of defendant Halladay was a motion for summary judgment. Such a motion also appears to have been made orally at the pretrial conference.

■ We think preliminary proceedings were such that plaintiff was not taken by surprise when a motion was made at pretrial conference for summary judgment. In

any event, no showing has been made that plaintiff could have offered additional evidence which would have shown the existence of a genuine issue as to any material fact.

Plaintiff made a motion for new trial and also filed exceptions to the findings of fact and conclusions of law. These matters were duly heard, and the court entered an order amending the order for summary judgment. The summary judgment order, among other things, was amended to show that the court had considered the depositions on file. The amending order also recites that, because of plaintiff's exceptions, the court specifically requested counsel for plaintiff to provide proof of any nature that would put at issue any of the findings of fact previously made; and that counsel for plaintiff failed to produce any such proof.

There is nothing in the record or in the proceedings on appeal which indicates that plaintiff has evidence of any nature that would put at issue any of the findings of fact upon which the trial court's summary judgment was predicated. Hence, we must hold plaintiff was not prejudiced by not being served with the motion for summary judgment ten days before hearing on such motion.

Appellant suggests error because the summary judgment for defendant Halladay Motors was based on unsworn statements by counsel for Halladay. The record simply does not bear out appellant's contention in this regard; and the court's order for summary judgment and its order of amendment negative any idea of error on this score.

When the court entered its order amending the summary judgment for Halladay, it included a provision granting summary judgment to plaintiff's parents. The order recites that motion for such a judgment had been submitted orally. It also indicates the amended complaint against the parents was dismissed for the reason that it failed to state facts upon which relief could be based, "in the absence of a claim against Halladay Motors." Appellant assigns this dismissal as error.

Although plaintiff named his parents as defendants in his amended complaint, he made no effort to state a cause of action against them. The only prayer in the amended complaint which could have anything to do with the parents is a prayer that the court adjudge plaintiff was the purchaser and true owner of the 1968 Oldsmobile and that the parents are not owners thereof. The trial court has held plaintiff is estopped from making this claim.

No attempt was made in plaintiff's amended complaint, and no attempt is made on appeal, to have plaintiff's parents declared to be trustees for plaintiff. Indeed, as long as plaintiff is held not to have a contract with Halladay Motors and therefore not in a position to disaffirm any contract, he is left without any claim against his parents. In view of this situation, plaintiff was not prejudiced by the dismissal of his amended complaint insofar as it pertains to his parents.

We agree with the district court that no genuine issue as to any material fact has been shown to exist. Therefore, summary judgment for all defendants was proper.

Affirmed.

PARKER, Justice (concurring).

I concur in the result for the sole reason that there was no genuine issue as to any material fact and that appellee-Halladay Motors was entitled to a judgment as a matter of law.