**Paul PLANTE, Appellant,**

v.

**Troy C. SHIVAR, Jr., et al., Appellees.**

**No. 76–1006.**

United States Court of Appeals,
Fourth Circuit.

Submitted April 20, 1976.

Decided Aug. 30, 1976.

Edward G. Bailey, Bailey & Gaylor, Jacksonville, N. C., on brief for appellant.

James R. Strickland, Jacksonville, N. C., on brief, for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM.

Paul Plante initiated this action under 42 U.S.C. §§ 1983 and 1985 alleging that the defendants entered into "a conspiracy to harass [him] and drive him from his position" with the Jacksonville, North Carolina, police department and subsequently "wrongfully discharged" him in violation of

* On February 18, 1976, the plaintiff, Plante, filed his motion to dismiss his "action" against the City of Jacksonville, "reserving his rights against the individual appellees, Troy Shivar, Arthur Turner and Graham Cavanaugh" and praying that all costs incurred "as a result of the presence of the City of Jacksonville·as a party" be taxed against him.

Subsequently, the individual defendants responded and consented to the dismissal of the action against the City of Jacksonville.

the fourteenth amendment. On September 22, 1975, the defendants responded with a motion to dismiss under Rule 12(b) or, in the alternative, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. On the same date, the defendant, City of Jacksonville, and the individual defendants filed their separate answers.* The answer of the individual defendants was accompanied by an unsworn written statement by the Chief of Police of the City of Jacksonville. On September 30, 1975, the individual defendants filed a memorandum of law as required by local court rule in support of their previous motions and attached thereto two additional unsworn statements which recited facts and circumstances not mentioned in the complaint. In a Memorandum Opinion and Order of November 7, 1975, the district court dismissed Plante's complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The court characterized one of the defendants' unsworn statements as "report" and relied upon the material contained therein in dismissing the case.

Rule 12(b), Federal Rules of Civil Procedure, provides that if, on a motion to dismiss for failure of "the pleading" to state a claim upon which relief can be granted, matters *outside the pleading* are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *Johnson v. RAC Corp.*, 491 F.2d 510, 513 (4 Cir. 1974); *Clark v. Volpe*, 481 F.2d 634 (4 Cir. 1973); *Smith v. Blackledge*, 451 F.2d 1201 (4 Cir. 1971); *Leviner v. Richardson*, 443 F.2d 1338, 1342 n. 9 (4 Cir. 1971). Rule 12(b) further provides that when on a motion to dismiss under 12(b)(6) matters outside the pleading are to be con-

The City of Jacksonville responded and consented to the voluntary dismissal of Plante's action against it, and on February 23, 1976, an order was entered by the Clerk of this court, upon agreement of the parties, dismissing *the appeal* against the City of Jacksonville pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

sidered, "all parties shall be given *reasonable opportunity* to present all material made pertinent to such a motion by Rule 56." (Emphasis supplied) We have held that the term "reasonable opportunity" includes "some indication by the court to 'all parties' that it is treating the 12(b)(6) motion as a motion for summary judgment," with the consequent right in the opposing party to file counter affidavits or to pursue reasonable discovery. 491 F.2d at 513, *quoting Dale v. Hahn*, 440 F.2d 633, 638 (2 Cir. 1971).

In the instant case the district court should have excluded from consideration the unsworn statements mentioned above prior to ruling on the Rule 12(b)(6) motion or should have notified the parties that it would address itself to defendants' alternative motion for summary judgment pursuant to Rule 56. Had the latter course been pursued, the court should have provided a "reasonable opportunity" for the parties to file any "material made pertinent to such motion by Rule 56."

The record reveals that the district court was presented with and considered matters outside the pleading. These matters were not excluded from consideration by the court but, on the contrary, are specifically mentioned in its memorandum opinion dismissing the action.[1] Under the circumstances, the district court was obligated under Rule 12(b) "to treat the motion to dismiss as one for summary judgment and to

dispose of it as provided in Rule 56." *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972). There is no indication in the record that the district court gave the requisite notice as provided by the Federal Rules of Civil Procedure prior to dismissing the case.

Dispensing with oral argument, the district court's order of dismissal is vacated and the case remanded in order that the parties be permitted to file, within a reasonable time fixed by the district court, such affidavits or material deemed pertinent to defendants' motion for summary judgment.

*Vacated and Remanded.*

---

1. The findings of fact in the court's memorandum opinion clearly indicate that facts and circumstances mentioned in the unsworn statements were considered by the court in granting the motion to dismiss. Excerpts from the district court's opinion are as follows:

"On April 15, 1975, the plaintiff, Paul Plante, was discharged from his job with the Police Department of the City of Jacksonville, North Carolina. By report dated April 8, 1975, it was reported that the Police Department received through the plaintiff Forty-five ($45.00) Dollars from the State Court for damages sustained by a police jacket which was the property of the City of Jacksonville. The sum of money in the form of a check payable to the plaintiff in care of the Jacksonville Police Department was not submitted to the City of Jacksonville. Pursuant

to Jacksonville Police Department Regulation NO. 71(2) and (16), the plaintiff was relieved of his duties pending a hearing dated April 15, 1975. After that hearing plaintiff was informed of his dismissal.

\* \* \* \* \* \*

"It appears that the plaintiff kept to himself Forty-five ($45.00) Dollars to which the City of Jacksonville contended it was entitled. . . . The conflict over the Forty-five ($45.00) Dollars was a substantive problem which apparently caused the municipality to discharge the plaintiff."

There was no mention made in the complaint of the $45.00 check or a dispute concerning the ownership thereof. Nor was there any mention in the complaint of Police Department Regulation 71(2) and (16).