**KIRBY BUILDING SYSTEMS, INC., a Texas Corporation, Appellant (Plaintiff),**

v.

**INDEPENDENCE PARTNERSHIP NO. ONE, a Wyoming partnership, Zions First National Bank, and Clydeco Building Supplies, Appellees (Defendants).**

**No. 5500.**

Supreme Court of Wyoming.

Oct. 5, 1981.

Daniel G. Blythe, Cheyenne, and C. Reed Brown (argued), Armstrong, Rawlings, West & Brown, Salt Lake City, Utah, and Bruce R. Barnard, Evanston, for appellant.

Dennis W. Lancaster, Phillips & Lancaster, P. C., Evanston, for appellees.

Before ROSE, C. J., RAPER, THOMAS and ROONEY, JJ., and SAWYER, D. J.

RAPER, Justice.

This appeal is from an order dismissing an action to foreclose a mechanic's lien. The issue before us concerns whether the district court correctly found as a matter of law that the notice requirement in § 29–2–110, W.S.1977, was not satisfied. That statute provided:

"Every person, except the original contractor, who may wish to avail himself of the benefits of the provisions of this act [§§ 29–2–101 to 29–2–124], shall give ten (10) days notice, in writing, before filing the lien, as herein required, to the owner, owners or agent, or either of them, that he or they hold a claim against such building or improvement, stating in said

notice the amount of the same and from whom it is due." [1]

We will reverse.

On October 30, 1980, appellant—Kirby Building Systems, Inc.—filed a complaint against appellee—Independence Partnership No. One. The following were the relevant facts alleged in the complaint:

"2. Defendant, Independence Partnership No. One, is a Wyoming partnership with its principal place of business in Evanston, Uinta County, Wyoming.

"3. Defendant, Independence Partnership No. One at the times relevant to this complaint are the owners of the real property described in paragraph 5 of this complaint.

\*      \*      \*      \*      \*      \*

"5. Plaintiff's cause of action is to foreclose a mechanic's lien on that certain real property located in Uinta County, State of Wyoming more particularly described as follows:

"Lot 2 in Block 2 of the Evanston Industrial Center Addition to the City of Evanston, Uinta County, Wyoming, as said lot and block are laid out and described on the official map of said Addition now on file and of record in the office of the County Clerk and Ex-Officio Register of Deeds in and for said Uinta County, Wyoming.

"6. On or before the 27th day of February, 1980, the owners or agents of the owners of the real property described in paragraph 5 did enter into an express agreement with the Bell Construction Company, Inc. of Salt Lake City, Utah, for the construction of a structure upon the described real property.

"7. That said construction company, Bell Construction Company, Inc., entered into an express agreement with plaintiff to have plaintiff supply a prefabricated metal building and component parts and accessories thereof to be used in construc-

tion on and improvement of the premises described in paragraph 5 of this complaint.

"8. That pursuant to the terms of the agreement with Bell Construction Company, Inc., plaintiff furnished materials to the above described real property for use in construction and improvement and said materials were used and incorporated into the above described real property, to the benefit of defendants herein.

\*      \*      \*      \*      \*      \*

"11. That by letter dated April 17, 1980 from plaintiff to Howard Hudson [Hutson] of the Evanston Companies, a partner of defendant, Independent [Independence] Partnership No. 1, defendant was informed that Bell Construction Company, Inc. had not paid plaintiff the full amount of the material furnished. A copy of said letter is attached as Exhibit 'A' and made a part hereof; that on or about April 18, 1980, defendant, Independent [sic] Partnership No. 1 was notified by letter from Bell Construction Company, Inc., a copy of said letter marked Exhibit 'B' is attached hereto and by reference made a part hereof, that payment for the materials supplied by plaintiff and to be used on the above described real estate was to be made directly to plaintiff.

\*      \*      \*      \*      \*      \*"

Exhibit "A" which was attached to the complaint provided:

"April 17, 1980

"Mr. Howard Hutson

"Evanston Companies

"730 17th Street Suite 840

"Denver, Colorado 80202

"Dear Mr. Hutson:

"In response to your telephone request this afternoon, please be advised that we have not received payment from Bell

---

1. Now renumbered as § 29-2-107, W.S.1977, 1981 Replacement, the statute was amended by the 1981 legislative session to read:

"Before filing a lien pursuant to this chapter every person shall give ten (10) days notice

to the owner or his agent in writing of any claim against a building or an improvement or for materials furnished *stating the amount of any claim and from whom it is due.*"

344

Construction Company for the metal building we supplied to your company.

"The amount owed to Kirby Building Systems is $55,151.00.

"If we can be of further assistance please do not hesitate to call.

"Very truly yours,

"/s/ N B Johnson

"Norman B. Johnson

"Assistant Credit Manager

"cc: R. Fletcher

"Bell Construction Co., Inc.

"1260 E. Vine Street

"Salt Lake City, Utah 84121"

On November 13, 1980, appellee moved pursuant to Rule 12(b), W.R.C.P., for a dismissal of the complaint. In response thereto, appellant filed the affidavit of Norm Johnson—its assistant credit manager. Accompanying this affidavit was a letter sent by Howard Hutson to Bell Construction Company. In this letter Mr. Hutson, acting on behalf of the Evanston Companies—a partner in appellee, revoked the contract between appellee and Bell Construction. This letter was as follows:

"April 22, 1980

"*CERTIFIED MAIL*

"Bell Construction Company

"1260 Vine Street

"P. O. Box 21589

"Salt Lake City, Utah 84121

"Attention: Mr. David Johnson, Controller

"Gentlemen:

"Please be advised that the contract between Independence Partnership No. 1 and your Company dated October 26, 1979, and as amended on December 7, 1979, is hereby revoked.

"This contract is cancelled as of this date pursuant to Article 22 of the 'General Conditions' of the above referred to contract.

"In previous letters, we have:

"1) Cancelled any and all future and existing orders for Kirby Buildings through your Company. (See certified letter dated April 8, 1980)

"2) Requested evidence of your ability to perform under Article 22 of the General Conditions, per letter dated April 11, 1980, from our attorney, Dennis W. Lancaster.

"3) Tried to reach your office several times by telephone, left messages and have not had messages returned.

"4) *Kirby Building Systems in Houston has advised us that Bell Construction Company never paid for the Kirby building partially erected under this contract.*

"In order to be as fair as possible to any subcontractors you may have contracted with to work on our building, please forward the names of said subcontractors to us immediately and we will make every effort to use them in the completion of the building.

"Respectfully submitted,

"THE EVANSTON COMPANIES

"/s/ Howard H. Hutson

"Howard H. Hutson

"Partner

"HHH: tp

"cc: Mr. Norman B. Johnson,

"Assistant Credit Manager

"Kirby Building Systems, Inc.

"P. O. Box 36429

"Houston, Texas 77036

"Mr. Dennis W. Lancaster, Attorney

"Phillips and Lancaster

"P. O. Box 123

"Evanston, Wyoming 82930" (Emphasis added.)

On March 23, 1981, the district court granted the motion to dismiss. The court stated:

"That the Defendant's, Independence Partnership No. One, Motion to Dismiss should be granted since the Plaintiff's action purports to be a foreclosure upon a Mechanic's Lien; however, said Lien is invalid, since the Plaintiff has failed to comply with the requirements of W.S. Section 29–2–110, which required that the Plaintiff shall give ten (10) days notice, in writing, before filing the Lien; and since the Plaintiff has failed to comply with said requirement, said Lien is invalid and

the Complaint to enforce the Lien should be dismissed."

■ When a motion to dismiss for failure to state a claim upon which relief can be granted is made, if matters outside the pleading are presented to and considered by the court, the motion should be treated as one for summary judgment. Rule 12(b), W.R.C.P. Summary judgments are appropriate only in cases in which there exists no question of material fact requiring resolution at trial. *Madison v. Marlatt*, Wyo., 619 P.2d 708 (1980). The burden is on the movant to demonstrate that this is the case. *Shrum v. Zeltwanger*, Wyo., 559 P.2d 1384 (1977). On appeal from a summary judgment, we look at the record from the point of view most favorable to the party opposing the motion, giving to him all the favorable inferences to be drawn from the record. *Bancroft v. Jagusch*, Wyo., 611 P.2d 819 (1980). In doing so in this case, we find no support in the record for the assertions of appellee.[2]

■ First, in its brief, appellee argued that the notice was defective because it was "not addressed to Independence Partnership." However, the statute does not speak to whom the notice must be addressed. It merely states that before filing a lien, "every person, except the original contractor, * * * shall give ten (10) days notice, in writing * * * to the owner, owners or agent * * *." Section 29–2–110, W.S.1977. The letter was addressed to Howard Hutson. In another letter which was made part of the record, Mr. Hutson acted as appellee's agent in revoking a contract.[3] The statute authorizes the giving of the notice to the owner's agent. Since we must accept the facts as alleged in the complaint and supporting affidavits, we must reject appellee's first argument that the wrong party received notice and rule a question of fact is presented.

■ Appellee's second argument which was expounded upon substantially during oral argument is in effect that the notice was inadequate to apprise it of which metal building appellant had not received payment for. Appellee further argues that since "[m]echanics' liens * * * are in derogation of common law * * * there must be full compliance with legislative requirements." *American Buildings Company v. Wheelers Stores*, Wyo., 585 P.2d 845, 847 (1978).

Unfortunately, appellee fails to note that the notice requirement does not speak to the specificity of description that is necessary. For that we must consider *United Pacific Insurance Company v. Martin and Luther General Contractors, Incorporated*, Wyo., 455 P.2d 664 (1969). There this court considered a similar question:

"Appellant insists § 29–11, W.S.1957, C. 1967, [§ 29–2–109, W.S.1977,[4]] which provides that every person seeking to obtain the benefits of the lien statutes shall within the prescribed time file with the county clerk 'a just and true account of the demand due him * * * after all just credits shall have been given,' requires at the least that a reasonably accurate account of the amount due be stated. * * * Counsel contend that the gross and intentional overstatement by inclusion of lienable and nonlienable items cannot be equated with good faith and therefore the lien must fail in its entirety. * * *

\*       \*       \*       \*       \*       \*

"The principle which governs this aspect of the case is well stated in *Moller-Vandenboom Lumber Co. v. Boudreau*, 231 Mo.App. 1127, 85 S.W.2d 141, 148:

---

2. Additional facts were alluded to by appellee's attorney during the hearing on the motion in district court and before us during oral argument. However, there is nothing of record evidencing these facts, so we must and do disregard them. This court will not consider any matter upon which the record is silent. *Mountain Fuel Supply Company v. Emerson*, Wyo., 578 P.2d 1351, 1354 (1978) and cases there cited.

3. Further the letter acknowledged the receipt of appellant's notice.

4. Now § 29–2–106, W.S.1977, 1981 Replacement. It should be noted that with the renumbering the language discussed here was deleted.

" ' * * * in the absence of any showing of fraud or bad faith and where the nonlienable items are separable from the balance of the account and their inclusion is through inadvertence, or is the result of an honest mistake and no one has been injured or misled thereby, it is ruled that such inclusion does not invalidate the entire lien. [Citations.]' " 455 P.2d at 671, 673–674.

Accordingly, we think, here, the notice absent a showing of bad faith, must contain sufficient information so as to put a reasonable person on notice of the nature of the claim. Further in order to assert the inadequacy of the notice, the defendant must establish that he has been misled. Such a rule is consistent with the purpose of the notice requirement as discussed in *Jordan v. Natrona Lumber Co.*, 52 Wyo. 393, 75 P.2d 378, 380 (1938):

" * * * 'The main object of the preliminary notice of a lienable demand which the statute requires a subcontractor to give to a property owner is to warn the latter against paying the original contractor while outstanding claims exist in favor of laborers and materialmen. * * *' "

In the present case we merely had the assurances of appellee's counsel that it was misled by the notice. No factual documentation of appellee's assertion is in the record. In fact, the record shows quite the contrary. The letter sent by Mr. Hutson to Bell Construction refutes this contention because in it the import of appellant's notice is acknowledged. The granting of the appellee's motion was error.

Reversed and remanded for further proceedings consistent herewith.