Steven SEAMSTER, Appellant
(Plaintiff),

v.

Robin K. RUMPH, Appellee
(Defendant).

No. 84–140.

Supreme Court of Wyoming.

April 9, 1985.

Les Bowron, Casper, for appellant.

Lawrence A. Yonkee of Redle, Yonkee & Arney, Sheridan, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

This appeal is from a summary judgment granted in a suit for malicious prosecution. We affirm.

Appellant raises the following issues on appeal.

"[1]  Did the district court err in concluding that the findings of probable cause in the prior criminal action left no genuine issue of material fact to be decided in the civil action, with regard to the probable cause question?

"[2]  Did the district court err in determining the issue of probable cause as a matter of law?

"[3]  Should appellant be allowed to use the fact of his acquittal as prima facie evidence of a lack of probable cause?"

All three issues concern probable cause, are interrelated, and therefore will be combined for discussion.

Appellee and a girl friend met appellant in a bar in Gillette on February 28, 1983. When the bar closed, appellant and the two women drove to a restaurant where they had breakfast.  Appellant and appellee then left together in appellee's car.  Appellee drove the car behind the restaurant and parked.  A police car passed by and parked some distance away.  The police officers testified that they noticed nothing suspicious.  Appellant and appellee engaged in sexual intercourse.  Appellant contends that the act was consensual; appellee contends that it was rape.

Following the sexual encounter, appellee, driving her car, transported appellant back to his motel, then went to her sister's house where, upon entering, she was incoherent and crying.  The police were called. Appellant was arrested and charged with rape.  He was bound over for trial at a preliminary hearing before a justice of the peace.  At the conclusion of the State's case in the jury trial, the defense motion for judgment of acquittal was denied.  Defendant did not testify nor put on a case. The jury, after deliberating approximately nine hours, returned a verdict of acquittal. Appellant subsequently filed this suit for malicious prosecution against appellee. Appellee counterclaimed seeking damages for the alleged rape.  The counterclaim was later dismissed by stipulation of the parties.

Upon review of a summary judgment by the supreme court,

" * * * we have exactly the same duty as the district judge; and, if there is a complete record before us, we have exactly the same material as did he.  * * *  This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts contained in affidavits, depositions and other proper material appearing in the record.  We separate the formal and pretended from the genuine and substantial so only the latter may be considered in eliminating the burden of a formal trial if only questions of law are left to decide;  there must be no issue of material fact to decide." *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147, 150–151 (1981).

Appellant contends that summary judgment was not appropriate because there was a genuine issue of material fact concerning probable cause and that the judge erred in deciding there was probable cause for bringing the criminal action charging appellant with rape as a matter of law.  The necessary elements of an action for malicious prosecution are:

" '(1) The institution or continuation of original judicial proceedings, either criminal or civil;

" '(2) Such proceedings having been by or at the instance of the defendant * * *;

" '(3) The termination of such proceedings in favor of the plaintiff * * *;

" '(4) Malice in instituting the proceedings;

" '(5) Want of probable cause;  and

" '(6) The suffering of injury or damage as a result of the action complained of.' " *Cates v. Eddy*, Wyo., 669 P.2d 912, 917 (1983) (quoting *Consumers Filling Station Company v. Durante*, 79 Wyo. 237, 333 P.2d 691 (1958)).

The plaintiff in a malicious prosecution action must satisfy a heavy burden in establishing a prima facie case, it being stated that:

"[M]alicious prosecution actions are not favored in the law because of a public policy in favor of uncovering and prosecuting crime. Large tort judgments against well-meaning individuals, acting honestly and in good faith, might seriously inhibit those attempting to perform what they believe a civic duty. A policy that discourages citizens from reporting crime or aiding in prosecution would be undesirable and detrimental to society in general.

"On the other hand, it is generally accepted that for every wrong there should be a right. That also is necessary to an orderly society, for the alternative is that the party wronged seek his own redress. * * * Thus, one who is subjected to unjustifiable criminal or civil proceedings because of spite or malice, which result in damage and injury, should recover compensation for that loss.

"The competing policy considerations are nicely balanced; and requiring malice and lack of probable cause as necessary elements to an action for malicious prosecution affords adequate protection to the first policy and restriction upon the second." *Cates v. Eddy*, supra at 917–918.

■ Summary judgment was granted appellee, the trial court holding that the element "want of probable cause" was lacking as a matter of law. Lack of probable cause is absolutely necessary to the maintenance of a suit for malicious prosecution. 52 Am.Jur.2d Malicious Prosecution § 50. The existence of probable cause to believe that the accused is guilty of the crime charged provides a complete defense. *Consumers Filling Station Company v. Durante, supra.* The fact that the accused is bound over at a preliminary hearing by a neutral and detached magistrate is prima facie evidence of probable cause;

however it is not conclusive but can be overcome by evidence that the action was obtained by false testimony, fraud or other improper means. *Carter v. Davison,* Wyo., 359 P.2d 990 (1961); *Penton v. Canning,* 57 Wyo. 390, 118 P.2d 1002 (1941). Probable cause cannot be determined with preciseness. It exists if the proof is sufficient to show probable cause to believe that a crime has been committed by the accused. *Kimberly v. City of Green River,* Wyo., 663 P.2d 871 (1983). Malice is a question for the jury; but, probable cause is a matter of law to be decided by the court. *Consumers Filling Station Company v. Durante, supra; Huber v. Thomas,* 45 Wyo. 440, 19 P.2d 1042 (1933).

"And whatever the rule may be elsewhere, it is the law in Wyoming that the binding over of the accused by an examining magistrate amounts to prima facie establishment of probable cause; that in a civil suit for malicious prosecution based upon the filing of the criminal complaint such prima facie evidence of probable cause can be overcome only by appropriate allegation and proof that the action of the magistrate was procured by false testimony, fraud, or other improper means on the part of defendant; and that in the absence of such allegation and proof, the action for malicious prosecution cannot be maintained, even though as here it be alleged in general terms that the criminal complaint was filed maliciously and without probable cause." *Leggett v. Montgomery Ward and Company,* 178 F.2d 436, 438 (10th Cir.1949). See also, *Penton v. Canning, supra.*

Appellant stated in his complaint that appellee had acted throughout the entire proceeding "falsely, maliciously, and without probable cause."[1] Appellant countered

1. The complaint stated in part:
"3. That on the 2 day of March, 1983, the Defendant falsely, maliciously, and without probable cause instituted the prosecution of the Plaintiff in the Justice Court of the City of Gillette, County of Campbell, State of Wyoming, by appearing before the Honorable Charles W. Anderson, Justice of the Peace,

and formally charging the Plaintiff with first degree sexual assault by sworn complaint. "4. That pursuant to that complaint, Plaintiff was arrested and brought before the Honorable Judge Charles W. Anderson, Justice of the Peace, City of Gillette, for the County of Campbell, State of Wyoming, on March 2, 1983 and in consequence of false and malicious testimony given by the Defendant the

the motion for summary judgment with his own affidavit, stating:

"2. That my complaint for malicious prosecution against the Defendant, Robin K. Rumph, is based on the falsity of her sworn criminal complaint dated March 2, 1983, her testimony at the preliminary examination before Justice of the Peace Dwight Hurich, and her continued false testimony in the jury trial held the first week of August, 1983, in Gillette, Wyoming, which trial resulted in my being acquitted by a jury of 12 of my peers, in which the Defendant alleged that I had forceable sexual intercourse with her."

Appellant's contention, stripped of verbiage and legalese, is that probable cause was not present because he was acquitted by a jury at trial.

Appellant's acquittal at trial, however, meant only that the jury was not convinced that he was guilty "beyond a reasonable doubt." The acquittal did not establish the lack of probable cause necessary to support a malicious prosecution action. Such acquittal is not even evidence that probable cause is lacking.

"The courts are agreed that acquittal of the accused at trial is no evidence that probable cause was lacking, since acquittal amounts only to a decision that guilt has not been proved beyond a reasonable doubt." Prosser and Keeton on The Law of Torts (5th Ed.1984), p. 880.

■ Appellant offered no evidence nor any facts that would establish that the binding over at the preliminary hearing was obtained by fraud, false testimony or other improper means. Categorical assertions of ultimate facts without supporting evidence cannot defeat summary judgment. *Keller v. Anderson*, Wyo., 554 P.2d 1253 (1976).

Plaintiff was bound over to the District Court of the County of Campbell, State of Wyoming, for trial on the charge of first degree sexual assault. Pending that trial Plaintiff was imprisoned in the Campbell County jail for a period of five (5) months as he was unable to obtain bail.

■ The trial court here ruled that probable cause existed as a matter of law, finding that an impartial magistrate had found probable cause and that such was not the result of fraud or false testimony. The court's finding is also supported by the determination of the prosecuting attorney that, in his legal judgment, there was probable cause to bring the proceeding.

In support of her motion for summary judgment, appellee presented an affidavit by the prosecuting attorney which provided in part:

"I interviewed Robin K. Rumph on several occasions and reviewed the investigation of the incident, and considering all of the evidence, held the opinion that there was probable cause to believe that Robin K. Rumph had been sexually assaulted and that Steven Seamster had committed the assault. Robin K. Rumph did not insist or demand that Steven Seamster be prosecuted for any alleged crime. I expressed my opinion to Robin Rumph that there was a basis for the prosecution of Steven Seamster and upon my advice and with my approval Robin Rumph executed the criminal complaint.

\*     \*     \*     \*     \*     \*

"In my opinion, Robin K. Rumph gave honest assistance and information to prosecuting authorities. I am unaware of any evidence that Robin K. Rumph furnished information concerning Steven Seamster with an evil, wrongful, or improper motive."

■ An action for malicious prosecution is barred if the proceedings are initiated as a result of an attorney's advice if all information concerning the incident is fully and fairly disclosed and the advice is sought in good faith. 52 Am.Jur.2d Malicious Prosecution § 81. This rule particularly applies

"5. That on the 3rd day of August, 1983, the Plaintiff was tried in the aforementioned District Court before a duly impaneled jury, on a charge of first degree sexual assault; on conclusion of the trial the jury returned a verdict of not guilty, the Court entered judgment, and the Plaintiff was thereby duly acquitted and discharged."

to advice from prosecuting attorneys. If the facts are fairly stated, the advice given protects and shields the defendant from a suit for malicious prosecution. *Steadman v. Topham,* 80 Wyo. 63, 338 P.2d 820 (1959); *Boyer v. Bugher,* 19 Wyo. 463, 120 P. 171 (1912). There is no evidence that appellee did not completely disclose the relevant facts nor that she was acting in a manner other than in good faith.

Appellant contends that we should adopt the Oregon rule that if the defendant knew at the time she made the accusation, that the accused was not guilty, then the effect of probable cause established at a preliminary hearing should be overcome. *Hryciuk v. Robinson,* 213 Or. 542, 326 P.2d 424 (1958); *Gumm v. Heider,* 220 Or. 5, 348 P.2d 455 (1960). In this case there is no evidence that the appellee knew that the accused was not guilty other than appellant's bald statements that, since he was acquitted, appellee must have been lying. As we have already stated, that conclusion does not follow from an acquittal of the charge.

In other cases of malicious prosecution in which plaintiff has prevailed, the evidence has been overwhelming that the defendant gave false information to the prosecuting attorney or manufactured evidence. See, *Cates v. Eddy, supra; K-Mart Corp. v. Sellars,* Fla.App., 387 So.2d 552 (1980); *Hryciuk v. Robinson, supra.* Appellant offers nothing new, nothing that was not presented in the criminal trial. Upon that evidence the jury deliberated approximately nine hours before concluding guilt was not present beyond a reasonable doubt. There was no evidence of malice, and so malice could only be inferred from a lack of probable cause. A lack of probable cause could only be inferred from the acquittal at trial. There must be something more than a bare acquittal. Otherwise every unsuccessful prosecution would result in a malicious prosecution action. There was not sufficient evidence as a matter of law to establish, in this case, the lack of probable cause necessary to maintaining the malicious prosecution action. The summary judgment, therefore, is affirmed.