**Glen TORREY, Appellant (Plaintiff),**

**v.**

**James TWIFORD and Jenne Twiford, Appellees (Defendants).**

**No. 85–147.**

Supreme Court of Wyoming.

Feb. 6, 1986.

Harold F. Buck of Kline, Buck & Asay, Cheyenne, for appellant.

J. Patrick Hand of Hand, Hand & Hand, P.C., Douglas, for appellees.

Before THOMAS, C.J., and ROONEY,* BROWN, CARDINE and URBIGKIT, JJ.

URBIGKIT, Justice.

In response to a complaint alleging malicious prosecution and defamation, the defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), W.R. C.P. After the trial judge heard arguments of counsel and reviewed the record, he granted the motion to dismiss. The plaintiff appeals from that order.

We will reverse.

Appellant Glen Torrey framed the issue as follows:

"Does a Complaint alleging malicious prosecution and defamation claims state a claim upon which relief can [be] granted sufficient to withstand a Rule 12(b)(6) motion as to the individuals who caused the issuance of a criminal complaint against Appellant * * * ?"

Appellees James and Jenne Twiford supplemented and restated the issues:

"Whether or not the District Court properly dismissed Appellant's Complaint, under either WRCP 12(b)(6) or 56."

"Whether the dismissal was under WRCP 12(b)(6) or 56; whether or not it made any difference by virtue of the conduct of the parties; or, if the District Court's dismissal can be sustained on any grounds."

"Whether or not the Court was correct in determining that 'probable cause' did exist in the Appellees, and that the question of 'probable cause' is a question of law for the Court."

Defendants James Twiford and his mother, Jenne Twiford, entered J.C. Penney Company in Casper on December 15, 1983, to try on clothes. Plaintiff Torrey was a

* Retired November 30, 1985.

salesman in the men's department, and fitted James for clothing. The following day, James told his mother that the salesman had fondled him. Mrs. Twiford complained to J.C. Penney Company and reported the incident to the police. A Casper police department employee signed and filed a complaint against Torrey, alleging that he had taken indecent liberties with James Twiford. After Torrey passed two separate lie detector tests, the action was dismissed by motion of the prosecutor's office, but in the meantime Torrey had lost his job.

One year later, Torrey filed suit against the Twifords, alleging malicious prosecution and defamation. Defendants responded by a motion to dismiss for failure to state a claim, and other basis.[1] The parties began discovery prior to the hearing on the motion which was scheduled by written order. Pursuant to scheduled hearing, the motion to dismiss was sustained.

---

1. Motion to dismiss:
   (1) Failure to state a claim;
   (2) Bar of statute of limitations;
   (3) Noninitiation of prosecution by defendants.

No supporting brief was filed. Rule 301, Uniform Rules for the District Courts of the State of Wyoming.
Notice of setting provided:
"NOTICE IS GIVEN that Tuesday, the 9th of April, 1985, at 1:30 p.m. * * * is hereby set for Motion to Dismiss." (Signed by the judge, with copies to counsel.)
The decision letter of the district court judge, dated May 15, 1985, in a factual review, stated:
"The Defendants were customers of Penney's on December 15, 1983. The Plaintiff in his capacity as clerk, was fitting James Twiford with a pair of trousers. Young James on the following day told his mother that the Defendant had fondled him. Mrs. Twiford complained to the management concerning the alleged incident and later reported it to the police. The Defendants were interviewed by the police in both Casper and Douglas and eventually a complaint was signed by Wayne Verga of the Casper Police Department. I must assume that the complaint was filed by the police as a result of their investigation and the Natrona County Attorney proceeded on the basis of the police investigation. The Defendants did not sign the complaint. Verba signed the complaint in apparent consultation with the County and Prosecuting Attorney."
The order as entered by the court and as prepared by counsel for the defendant stated:

---

This court must first determine whether the motion to dismiss was converted to a motion for summary judgment. If the trial court's order was actually a summary judgment, we must decide whether it was properly granted. If the conversion to summary judgment was not accomplished, we must determine whether the plaintiff-appellant's complaint is sufficient to withstand a Rule 12(b)(6) attack.

### Conversion From Rule 12(b)(6) to Summary Judgment

If a trial judge actually considers matters other than the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), his decision is converted to a summary judgment. See discussion in *Newberg v. American Dryer Corporation*, 195 F.Supp. 345 (E.D.Pa.1961).[2] The conversion may be automatic, as when the judge considers affidavits in connection with a

---

"That the Defendants' Motion to Dismiss should be granted for Plaintiff's failure to state a claim or cause of action upon which relief can be granted, and that Defendants' Motion to Dismiss based on the Statute of Limitations be denied.
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Complaint of the Plaintiff be and the same is hereby dismissed for failure to state a claim or cause of action upon which relief can be granted."

2. Rule 12(b)(6), W.R.C.P., provides:
"Rule 12. *Defenses and objections; when and how presented; by pleading or motion; motion for judgment on pleadings.*

 *       *       *       *       *       *

"(b) *How Presented.*—* * * [T]he following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
Rule 56, W.R.C.P., "Summary Judgment," is identical with the federal rule.

Rule 12(b)(6) motion, *Greaser v. Williams,* Wyo., 703 P.2d 327 (1985); *International Longshoremen's and Warehousemen's Union v. Kuntz,* 334 F.2d 165 (9th Cir. 1964), or the conversion may be accomplished by motion of one of the parties. Yet as this case illustrates, there are situations which make it difficult for a party to know whether a motion will be decided pursuant to Rule 12(b)(6) or Rule 56, W.R. C.P. In these unclear situations, the key factor is that both parties had notice of the intent to convert and the evidence upon which summary judgment will be considered. Another factor rarely discussed by appeals courts is the time factor required for defensive response to the converted motion. In this case, the notice of setting denominated the subject for consideration by the court as a "Motion to Dismiss."

### Conversion Notice

There is ample authority for the requirement of notice. Wright & Miller, Federal Practice and Procedure, instructs that:

> " * * * It is important that the court give the parties notice of the changed status of the motion and a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' In this way no one will be taken by surprise by the conversion." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1366, p. 683.

The Wyoming Supreme Court, in an opinion authored by Justice Rooney, adopted the same position in *Kimbley v. City of Green River,* Wyo., 642 P.2d 443 (1982):

> " * * * [T]he fact that a motion to dismiss is being converted into a motion for summary judgment must be made known to all counsel together with a reasonable opportunity being afforded to the non-moving party to present that which he considers necessary to rebut the conten-

tion of the moving party. [Citations.]" 642 P.2d at 445.

The court also said that the conversion of a Rule 12(b)(6) motion into a summary judgment need not be by written order, but:

> " ' * * * the record must adequately demonstrate that all counsel were aware of the intentions of the district judge to treat the motion as converted, together with a reasonable opportunity afforded to the non-moving party to present, by way of affidavit or otherwise, anything necessary to rebut the contention of the moving party.' " 642 P.2d at 445, quoting from *Davis v. Howard,* 561 F.2d 565, 571–572 (5th Cir.1977).

The requirement of conversion notice to be shown by the record as enunciated by *Kimbley,* follows the earlier decisions of *Kirby Building Systems, Inc. v. Independence Partnership No. One,* Wyo., 634 P.2d 342 (1981), and *Wyoming Insurance Department v. Sierra Life Insurance Company,* Wyo., 599 P.2d 1360 (1979).

Applying Wright & Miller and the *Kimbley* case to the facts in the case at bar, the trial judge did not convert the Rule 12(b)(6) motion to a motion for summary judgment.[3] No notice was given to the non-moving party that the motion would be converted. The defendants did not request that their Rule 12(b)(6) motion be converted, and the action taken was stated to be on the motion to dismiss. No advance notice of the use of depositions or other evidence was given.

The question of conversion arises because the trial judge did consider material in addition to the pleadings in making his decision to grant the motion to dismiss. The order states that he examined the file and heard arguments of counsel. The record on appeal contained requests and answers to requests for production of documents and admission of facts, which could

---

**3.** The obvious question exists whether this court should decide whether the decision was improvidently rendered under Rule 56, no matter how designated, by considering conversion notice, or consider, as we do, that without notice the case

was determined under Rule 12(b)(6). The technical basis for our decision is controlled, *in this case,* by the notice of the hearing given and the form of the order entered.

have been considered in making his decision. The trial judge also apparently considered depositions which had been taken but which are not part of the record on appeal. These documents do not generally appear in court files, but should have been filed in conjunction with a motion for summary judgment. See Rule 302(b), Uniform Rules for the District Courts of the State of Wyoming.[4] Even if the trial court elects to consider discovery documents as evidence, that is not sufficient to automatically or properly convert a proceeding initiated under a Rule 12(b)(6) motion to justify a decision entering summary judgment. Notice of the conversion must be demonstrated in the record before this court will recognize the conversion. *Kimbley v. City of Green River,* supra. The difference from *Kimbley* is noted in that in no way does the plaintiff classify the present motion as "in essence" a motion for summary judgment.

We also distinguish the case before us from the footnote in our recent decision of *Greaser v. Williams,* supra. In *Greaser,* this court treated a ruling under Rule 12(b)(6) as a summary judgment. This court did so because both parties had submitted affidavits along with other documents in connection with the Rule 12(b)(6) motion which were considered by the trial judge. The documentation which would have been filed pursuant to a motion for summary judgment was filed under the motion to dismiss, indicating that the parties were prepared to have the motion decided pursuant to Rule 56. When a party files an affidavit which a judge considers under a Rule 12(b)(6) motion, this court will treat the motion as a motion for summary judgment subject to the time requirements of Rule 56, whether or not the record demonstrates that the parties had other notice of the conversion, unless the record otherwise demonstrates unfair or inappropriate surprise to either party but normally for the nonmoving party. If affidavits have not been filed but other documents have been filed which a judge may consider pursuant to a Rule 12(b)(6) motion, the "notice in the record" requirement of *Kimbley* becomes mandatory. The burden of proving that the adverse party had notice of the intent to convert the Rule 12(b)(6) motion to one for summary judgment is on the movant. Notice should be evidenced *in the record* by a writing such as a pleading, a letter, a written stipulation, or an oral stipulation on a transcribed record, but in cases where affidavits are not filed, the record must clearly indicate that the nonmoving party had notice of the intent to convert.

In this case, defendants should have prepared a summary-judgment order for submission to the court if expecting a Rule 56 result. Likewise, a record problem exists. *Hickey v. Burnett,* Wyo., 707 P.2d 741 (1985).

We hold that since no notice of conversion to a summary judgment proceeding was given to appellant prior to hearing, the proceeding was conducted under Rule 12(b)(6), and will be considered under its purview.

### Time Requirements

The Wyoming Rules of Civil Procedure provide different time periods between notice of a hearing and the hearing itself, depending on whether the motion is to be heard pursuant to Rule 12(b)(6) or Rule 56. Rule 12(b)(6) hearings are governed by Rule 6(d), W.R.C.P. Notice of the hearing must be served five days before the hearing. Rule 56(c) requires that the summary judgment motion be served at least ten

---

**4.** Rule 302, Uniform Rules for the District Courts of the State of Wyoming reads:

"Discovery documents shall not be filed except:

\* \* \* \* \* \*

"(b) *At the time of filing* a motion for summary judgment the movant shall designate and file relevant portions of the discovery documents relied upon. The opponents of a summary judgment motion shall designate and file relevant discovery documents *within the time allowed by Rule 56, W.R.C.P."* (Emphasis added.)

days before the time fixed for hearing.[5] Also, compliance with Rule 302, Uniform Rules for the District Courts of the State of Wyoming, is required. The additional time is necessary to allow the adverse party to obtain supporting affidavits and other pertinent material and to prepare for the hearing. *Jankovsky v. Halladay Motors*, Wyo., 482 P.2d 129 (1971). See also *Season-All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S.*, 425 F.2d 34 (3d Cir.1970).

For the same reasons, in order to maintain a rational consistency as providing ten days notice upon filing a Rule 56 motion, we hold that the moving party must give notice of the intent to convert a Rule 12(b)(6) motion to dismiss to a motion for summary judgment of the same time. Also, the judge who receives a Rule 12(b)(6) motion accompanied by an affidavit (thus accomplishing an automatic conversion) should wait ten days before holding a hearing on the motion.[6] The ten-day notice requirement may be waived only upon stipulation of the parties. Support for this ten-day notice requirement is found in *Hickey v. Arkla Industries, Inc.*, 615 F.2d 239 (5th Cir.1980). See also *Plante v. Shivar*, 540 F.2d 1233 (4th Cir.1976); *Crown Central Petroleum Corp. v. Waldman*, 634 F.2d 127 (3d Cir.1980), *Winkleman v. New York Stock Exchange*, 445 F.2d 786 (3d Cir.1971).

"* * * Combined, these rules [12(b) and 56(c) ] establish that, as a rule of thumb, parties are entitled to a ten-days notice that a 12(b)(6) motion is being treated as a Rule 56 motion for summary judgment." *Hickey v. Arkla Industries, Inc.*, 615 F.2d at 240.

**5.** Rule 56(c), W.R.C.P., reads in pertinent part: "The motion shall be served at least 10 days before the time fixed for the hearing."

**6.** This court realizes that in this case, had the defendants filed affidavits with their motion to dismiss, thus automatically converting the motion to one for summary judgment, the hearing date met the ten-day requirement of Rule 56. We now wish to clarify the requirements which must be met to accomplish the conversion, for as Judge Goldberg stated in *Soley v. Star & Herald Co.*, 390 F.2d 364, 366 (5th Cir.1968):

The position adopted by the court in *Kibort v. Hampton*, 538 F.2d 90 (5th Cir.1976) supports this result although not addressed to the specific subject of conversion.

In no event should the ten-day period be reduced in a manner which prevents the adverse party from accomplishing service of opposing affidavits prior to the day of the hearing. See Rule 56(c). The time requirements of Rule 56 must otherwise be strictly followed, just as "the Rule 56 strictures of notice, hearing and admissibility into evidence are strictly required." *Kimbley v. City of Green River*, 642 P.2d at 445.[7]

### Substantive Issue

Since we find that the trial court dismissed the action pursuant to Rule 12(b)(6), this court will address the issue hereby raised, which is whether the appellant's complaint is sufficient to withstand a Rule 12(b)(6) motion to dismiss. Probable cause is a summary-judgment subject and not available for disposition normally or, in this case, on a motion to dismiss as a pleading attack. See *Seamster v. Rumph*, Wyo., 698 P.2d 103 (1985).

The problem facing this court on the sufficiency issue is that there are two divergent philosophies involved. One is that malicious prosecution actions are judicially disfavored, and as a result the pleading burden of the plaintiff should be greater. *Seamster v. Rumph*, supra; *Cates v. Eddy*, Wyo., 669 P.2d 912 (1983). The other view is that Rule 8, W.R.C.P. provides that a generalized statement of facts is sufficient in a complaint, and that a plain-

"We are not chary of summary judgments, but the mechanics leading to such a judicial denouement should lend themselves to clarification rather than obfuscation."

**7.** An opportunity exists for addressing the subject by a local rule pursuant to Rule 83, W.R.C.P., or adoption of a specific rule as a uniform rule for the district courts. See *Kimbley v. City of Green River*, 642 P.2d at 446.

tiff should have the opportunity to litigate a claim on its merits. *Johnson v. Aetna Casualty & Surety Co. of Hartford, Conn.*, Wyo., 608 P.2d 1299 (1980); *Harris v. Grizzle*, Wyo., 599 P.2d 580 (1979); *State Highway Commission v. Bourne*, Wyo., 425 P.2d 59 (1967). In the case before us, this court adopts the latter view.

Rule 8, W.R.C.P. reads in pertinent part:
"(a) *Claims for relief.*—A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a demand for judgment for the relief * * *.

      \*     \*     \*   ·   \*     \*     \*

"(e) *Pleading to be concise and direct; consistency.*

   "(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

      \*     \*     \*     \*     \*     \*

"(f) *Construction of pleadings.*—All pleadings shall be so construed as to do substantial justice." [8]

Rule 9, W.R.C.P., pleading special matters, provides in pertinent part:
"(b) *Fraud; mistake; condition of the mind.*—In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Rule 9 is significant in this discussion because it was specifically designed to deal with those causes of action which must be pleaded with particularity. Malicious prosecution is not among them. Therefore, we can assume that Rule 8 was intended to apply to the pleading of malicious prosecution actions.

The United States Supreme Court said in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):
"* * * In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Another reason that a litigant should usually have the opportunity to develop his claim beyond the complaint is that of judicial economy and expense to the parties if the appeals court reverses the dismissal.
"* * * [A] motion to dismiss [is not] the only effective procedural implement for the expeditious handling of legal controversies. Pretrial conference; the discovery procedures; and motions for a more definite statement, judgment on the pleadings and summary judgment, all provide useful tools for the sifting of allegations and the determination of the legal sufficiency of an asserted claim. The salvaged minutes that may accrue from circumventing these procedures can turn to wasted hours if the appellate court feels constrained to reverse the dismissal of the action. * * * This is not to say or imply that a motion to dismiss should never be granted. It is obvious that there are cases which justify and indeed compel the granting of such motion. The line between the totally unmeritorious claims and the others cannot be drawn by scientific instruments but must be carved out case by case by the sound judgment of trial judges. That judgment should be exercised cautiously on such a motion." *Rennie & Laughlin,*

---

**8.** On this point, we share the opinion of Judge Cameron who said, consistent with our holding here:

   "Proper practice would suggest that the motion to dismiss be overruled and that appellants be given reasonable time after the issues have been clarified by answer, to pursue the salutary processes provided by the rules for discovering and presenting proof upon those issues. The clearing of court dockets is one of the desiderata in the judicial function. But it should not be allowed to become a fetish for it does not rank with the *raison d'etre* of courts,—the administration of justice based upon a full and fair disclosure of the facts." *Slagle v. United States*, 228 F.2d 673, 679 (5th Cir.1956).

See also *Herron v. Herron*, 255 F.2d 589 (5th Cir.1958).

*Inc. v. Chrysler Corporation,* 242 F.2d 208, 213 (9th Cir.1957).

Torrey's complaint [9] alleges the elements of malicious prosecution as set forth by this court in *Consumers Filling Station Co. v. Durante,* 79 Wyo. 237, 333 P.2d 691 (1958). See also *Seamster v. Rumph,* supra; *Cates v. Eddy,* supra.

Other courts have upheld the sufficiency of complaints similar to the one before us. In *Hardy v. Vial,* 48 Cal.2d 577, 311 P.2d 494, 66 A.L.R.2d 739 (1957), the complaint alleged that defendant acted without probable cause, and the California Supreme Court found that

" * * * [t]his meets the usual rule that a general averment of want of probable cause is sufficient and that it is unnecessary to add a statement of facts which tend to prove the averment, such as knowledge of falsity." 311 P.2d at 498.

The allegation that the defendant acted maliciously and without probable cause was held sufficient in a complaint for malicious prosecution, without alleging facts constituting want of probable cause, in *Lampos v. Bazar, Inc.,* 270 Ore. 256, 527 P.2d 376 (1974). The same result was reached in *Pandolfo v. Brodell,* 3 A.D.2d 853, 161 N.Y.S.2d 494 (1957).

In reversing the district court's decision to dismiss this case for failure to state a claim upon which relief can be granted, we do not disturb our recent decision of *Seamster v. Rumph,* supra. Seamster's appeal was from a summary judgment granted against him in his malicious prosecution action, which this court affirmed. We have already determined that dismissal of the present complaint was pursuant to a Rule 12(b)(6) motion to dismiss, and

" * * * [a] court that thinks it convenient to test the merits under a preliminary

motion should do so by converting the motion to dismiss into one for summary judgment, since this is the procedural device specifically designed to test the merits of the claim in advance of trial." 5 Wright & Miller, Federal Practice and Procedure: Civil § 1357, p. 615.

The probable-cause obstacle obviously remains as a challenge to plaintiff at trial or, if earlier raised, in a noticed summary-judgment proceeding. See *Hickey v. Burnett,* supra.

Reversed.

ROONEY, Justice, dissenting.

Although I question the conclusion that the complaint did state a claim upon which relief could be granted through an allegation that defendants "initiated a prosecution" without indicating the formal matter in which such was done, e.g., signed complaint under oath, made citizen's arrest, etc. (see *Territory v. Nelson,* 2 Wyo. 346, 352 (1880); §§ 7-6-102, 7-8-101, and 7-8-105, W.S.1977), I believe that in connection with the motion to dismiss, matters outside of the pleading were presented and not excluded. Rule 12(b), W.R.C.P., provides in pertinent part:

" * * * If * * * matters outside the pleading are presented to and not excluded by the court, the motion [to dismiss for failure to state a claim upon which relief can be granted] shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."

The record reflects that a hearing was had on the motion to dismiss, but a transcript thereof is not in the record. However, the record contains answers of plaintiff to a request for admission of facts, wherein plaintiff responded:

---

9. The complaint included:

"3. Thereafter Defendant falsely, maliciously, and without probable cause, initiated a prosecution of Plaintiff alleging that he took indecent liberties with Defendant James Twiford.

"4. After Plaintiff passed two separate lie detector tests, and upon the County Attorney's Office determining that Plaintiff was innocent of all charges, Defendant's criminal action was dismissed in Plaintiff's favor.

"5. Defendant's actions defamed Plaintiff and amounted to a malicious prosecution of him damaging his good name and reputation, causing him to lose his job, inflicting much pain and suffering and loss of enjoyment of life."

"Plaintiff admits that the criminal charges complained of by Plaintiff in his Complaint were investigated and prosecuted against the Plaintiff in the name of the City of Casper, Wyoming, or the State of Wyoming. Plaintiff asserts that the moving force behind the institution of the charge is the work of Defendant."

This matter outside of the pleadings was presented and not excluded, and it plainly set forth the lack of an essential element of an action for malicious prosecution. As stated in the trial court's opinion letter:

"The facts appear as follows:

"The Defendants were customers of Penny's on December 15, 1983. The Plaintiff in his capacity as clerk, was fitting James Twiford with a pair of trousers. Young James on the following day told his mother that the Defendant had fondled him. Mrs. Twiford complained to the management concerning the alleged incident and later reported it to the police. The Defendants were interviewed by the police in both Casper and Douglas and eventually a complaint was signed by Wayne Verba of the Casper Police Department. I must assume that the complaint was filed by the police as a result of their investigation and the Natrona County Attorney proceeded on the basis of the police investigation. The Defendant's [sic] did not sign the complaint. Verba signed the complaint in apparent consultation with the County and Prosecuting Attorney.

"Justice Cardine addressed this very problem in *Seamster v. Rumph*, Slip Opinion No. 84–140, Wyoming Supreme Court, (April 9, 1985), [1] [where] he said,

" 'An action for malicious prosecution is barred if the proceedings are initiated as a result of an attorney's advice if all information concerning the incident is fully and fairly disclosed and the advice is sought in good faith ... This rule particularly applies to advice from *prosecuting attorneys*. If the facts are fairly stated, the advice given protects and shields the defendant from a suit for malicious prosecution. *Steadman v. Topham*, 80 Wyo. 63, 338 P.2d 820 (1959); *Boyer v. Bugher*, 19 Wyo. 463, 120 P. 171 (1912).'

"The prosecuting attorney had within his discretion the sole authority to proceed with prosecution; dismiss the charges; or decline to file charges. The charges were filed by Office[r] Veba [sic] after his own investigation and with apparent approval of the County Attorney." (Emphasis in original.)

The proposition is stated in 52 Am.Jur.2d Malicious Prosecution § 24 (1970):

"If the prosecution to which the plaintiff was subjected was instituted at the defendant's instance and request by a public officer having authority for such purpose, the defendant is sufficiently a prosecutor for an action for malicious prosecution to be sustainable against him; for the purpose of this form of action, the law looks beyond theory and regards as the real prosecutor the person who was in fact instrumental in prosecuting the accused. *Thus, a person may be considered sufficiently active in the institution of proceedings* against the plaintiff, and thereby incur liability to an action for malicious prosecution, *if he maliciously files an affidavit, or signs and swears to a criminal complaint*, on which the public authorities base their prosecution of the plaintiff, and he cannot escape liability on the ground that he took no further part in the proceedings. *Merely giving honest assistance and information to prosecuting authorities, however, does not render one liable as a co-prosecutor.* For instance, where a person merely states facts concerning the conduct of a third person to a magistrate, and the latter erroneously deems a crime to have been committed and directs the third person's arrest or the issuance of a warrant, the informer is not liable for malicious prosecution; it is the officer's error rather than the defendant's act which is the cause of the plaintiff's injury. *The same principle applies*

---

1. The case is now cited: *Seamster v. Rumph*, Wyo., 698 P.2d 103 (1985).

*where one communicates to a public prosecutor honestly and in good faith the facts he knows bearing on a supposed crime, and such officer mistakenly prosecutes the person implicated by the statement. A person has not caused a prosecution when he acts only in subordination to the prosecuting attorney and under the latter's direction; his malice in such a case is immaterial.* In like manner, if a complainant does not go beyond giving what he believes to be correct information to the police, and the police without further interference on his part (except giving such honest assistance as they may require or testifying as a witness when summoned) think fit to prosecute, it would be improper to make him responsible in damages for failure of the prosecution." (Emphasis added.)

It would be a great inducement to additional criminal activity if law-abiding citizens can communicate facts concerning crimes or potential crimes to proper authorities only at risk of having to defend subsequent legal action for malicious prosecution.

The motion to dismiss resulted in proceedings in which matters outside the pleadings were presented, and such matters reflected the failure by plaintiff to have a claim upon which relief could be granted. The order, which was in effect a summary judgment, was proper.

With reference to notice to plaintiff of the potential for a summary judgment, both parties were aware of the issue concerning formal initiation of prosecution and of the potential for a summary judgment. From consideration of the issue by the Court, the emphasis in the majority opinion on the necessity of notice to convert a motion to dismiss to summary judgment proceedings does not consider the occasion whereby the decision to do so is made during the hearing itself. The suggestion that plaintiff in the case needed time to submit opposition affidavits, etc. is meaningless. The "matters outside the pleading" considered by the trial court were those submitted by plaintiff himself. It was obvious that the issue as to whether or not a formal initiation of prosecution was made by defendants would be determinative of the trial court's action. Notice of such was given in defendants' motion to dismiss in answer to the complaint. It recited:

"That neither of the Defendants initiated a prosecution of Plaintiff, but that the same was done by either the City of Casper or County of Natrona, State of Wyoming."

As noted, the response to the request for admission of facts acknowledged the truth of this averment of the complaint.

The entire situation, sufficient upon which to have a summary judgment, was before the trial court. Rule 56(c), W.R. C.P., provides that

" * * * [t]he judgment sought shall be rendered *forthwith* if the *pleadings,* depositions, answers to interrogatories, *and admissions on file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.   * * *" (Emphasis added.)

Plaintiff had notice of the issue and responded to it. Additional time for further response would be useless.

Justice to the moving party and judicial economy should not be hamstrung by restricting the availability of a summary judgment in a proper case, such as this.

I would affirm.